### THOMAS v. HUNTER, Warden.
### No. 3217.

Circuit Court of Appeals, Tenth Circuit.
March 1, 1946.

836

George Powers, of Wichita, Kan., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Petitioner, Richard J. Thomas, has appealed from the judgment of the trial court denying his petition for discharge from the custody of the respondent, under a writ of habeas corpus.

On October 16, 1941, while petitioner was out on parole or conditional release under a prior conviction, he was arrested and taken into custody by the United States Marshal of the Eastern District of Missouri. He was charged in an indictment filed November 13, 1941, with violation of the Dyer Act, 18 U.S.C.A. § 408. On November 21, 1941, and again on January 8, 1942, he attempted to escape from confinement while in the custody of the Mar-

shal. He was indicted in separate indictments for each of these attempted escapes. He pleaded guilty to the charge under the Dyer Act and was tried and found guilty by a jury in each of the attempted escape cases. He was sentenced to serve a term of four years on the Dyer Act violation and to an additional sentence of five years each on the two escape charges. These two sentences were made to run consecutively with each other, and also consecutively with the sentence under the Dyer Act conviction. In all, petitioner was sentenced to a total term of fourteen years.

In his petition for the writ of habeas corpus and on his appeal before this court, petitioner makes two contentions, first, that the escape sentences were not in conformity with the statutory provisions of the Escape Act, 18 U.S.C.A. § 753h, and were therefore void, and that having served the sentence of four years under the Dyer Act charge, he is entitled to release; and, second, that he was denied the right to counsel at the time the verdict of the jury was returned into court and at the time of the sentence, and that the sentences therefore are void.

18 U.S.C.A. § 753h provides: "Any person committed to the custody of the Attorney General or his authorized representative, or who is confined in any penal or correctional institution pursuant to the direction of the Attorney General, or who is in custody by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or who is in custody of an officer of the United States pursuant to lawful arrest, who escapes or attempts to escape from such custody or institution, shall be guilty of an offense. * * * The sentence imposed hereunder shall be in addition to and independent of any sentence imposed in the case in connection with which such person is held in custody at the time of such escape or attempt to escape. If such person be under sentence at the time of such offense, the sentence imposed hereunder shall begin upon the expiration of, or upon legal release from, any sentence under which such person is held at the time of such escape or attempt to escape."

The requirement in the first part of the above section, that an additional sentence must be imposed for an escape or attempted escape, does not require that the convicted person be compelled to serve a great-

er number of years than the number of years imposed for the main offense. A sentence under one conviction is in addition to a sentence under another conviction, if it is a separate and complete sentence. Rutledge v. United States, 5 Cir., 146 F.2d 199. That it runs concurrently with a sentence for the same number of years under a former conviction makes it nonetheless an additional sentence, because if for any reason the convicted person is excused from serving the first sentence, he must nevertheless serve the second sentence. The latter portion of the Act provides that: "If such person be under sentence at the time of such offense, the sentence imposed hereunder shall begin upon the expiration of, or upon legal release from, any sentence under which such person is held at the time of such escape or attempt to escape." It is upon this provision in the statute that petitioner relies to sustain his first contention.

He argues that at the time of his two attempted escapes he was under sentence for the offense which he had committed prior to the commission of the Dyer Act offense and for which at the time of his arrest he was out on parole. He contends that the court therefore was required to make the two escape sentences begin to run from the completion of his original sentence, rather than from the completion of the sentence for the Dyer Act violation.

■ In Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808, the Supreme Court held that where one who was on parole or probation committed another offense for which he was arrested and sentenced, while he was incarcerated under the latter sentence he was imprisoned only thereunder, and the service of the original sentence was interrupted and the running of such sentence began again only at the completion of the new sentence. It was held that during the time he was serving the new sentence he was no longer in either actual or constructive custody under the first sentence. From this it follows that when appellant was arrested for the Dyer Act violation,

the original sentence was interrupted and suspended. The original sentence being suspended, he was not under that sentence when he broke jail. Petitioner not having been under the original sentence at the time he broke jail, it follows that when the court passed the sentences for the jail break, the provision of the statute which he seeks to invoke did not apply to him.[1]

■ Furthermore, we think the proviso upon which petitioner relies means that where one is confined and actually serving a prior sentence when he escapes from custody, then the sentence for such escape must be fixed with relation to the expiration date of the prior ·sentence or with reference to the date on which one is thereafter legally released from confinement thereunder. It has no application where one is out on parole when he escapes from custody. The words of the statute are: "The sentence imposed hereunder shall begin on expiration of, *or upon legal release from, any sentence under which such person is held at the time of such escape * * *.*"[2] If petitioner's construction of the statutory proviso were correct, then the phrases "or upon legal release" and "under which such person is held at the time of such escape" would be meaningless and would be mere surplusage. If one is out on parole he is not held under the sentence.

Petitioner alleged that at the trial on the escape charges his "constitutional right to have the assistance of counsel was violated by the action of the judge in excusing counsel appointed by him from being present at the time of the rendition of the verdicts and imposition of sentences thereunder, without petitioner's consent thereto." In support of this allegation he stated that "immediately following the jury's retirement from the court room to consider for its verdicts, Mr. Frye asked Judge Moore for permission to be absent from the court while the jury was out, and Judge Moore granted him leave as asked for and when the court received the jury's verdicts about an hour later that day, Mr. Frye was not present in court at that time although he had been advised through in-

---

[1] While the decision in McMahan v. Hunter, 10 Cir., 150 F.2d 498, did not hinge upon the precise question, we had occasion there to consider this provision of the escape statute. There, McMahan escaped from custody while serving a sentence. He was convicted on an escape charge and was given an additional sentence to begin at the expiration of the original sentence. We held, in effect, that, under those facts, the new sentence would not begin to run until the expiration of the original sentence or until he was paroled therefrom.

[2] Emphasis supplied.

structions of the court that the jury was ready to submit its verdicts, and he, Mr. Frye, was not present immediately following the rendition of the jury's verdicts when sentences thereunder were pronounced." Petitioner further alleged that he did not competently and intelligently waive his right to counsel.

Respondent introduced as exhibits the docket entries and the record of judgment and the commitment in the trial court. The docket entries recite that with defendant's consent the court appointed J. Grant Frye to represent the petitioner; that arguments were made to the jury by respective counsel; that verdicts of guilty were returned and the defendant was sentenced. The journal entry of judgment recites that: "* * * came the United States Attorney, and the defendant Richard J. Thomas, appearing in proper person, and J. Grant Frye, Esq., his attorney, * * *." The trial court, apparently relying on the record evidence, refused petitioner the opportunity to testify concerning these allegations. This is urged as reversible error.

 While there is a minority view, the great weight of authority is that in the absence of a charge of fraud, the judgment record of a court imports absolute verity and that it may not be challenged in a collateral proceeding by parol testimony.[3] While there is some language in some decisions by the Supreme Court indicating that this rule is not to be applied in all its rigidity in a habeas corpus proceeding in which violations of fundamental constitutional rights are claimed,[4] we think the later decisions by the Supreme Court indicate that recitals in the judgment record going to the jurisdiction of the court, such as that a defendant was represented by counsel, are impervious to attack by testimony in the absence of an allegation of fraud.

In Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009, a petition in a habeas corpus proceeding alleged that petitioner was tried by a jury of eleven men, notwithstanding a recitation in the record that "a jury of good and lawful men" was duly impaneled. The Supreme Court held that the record imported absolute verity and was not open to collateral attack. In Johnson v. Zerbst, 304 U.S. 458, 466, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 146 A.L.R. 357, the Supreme Court quotes with approval from In re Mayfield, Petitioner, 141 U.S. 107, 11 S.Ct. 939, 35 L.Ed. 635, as follows: "And the petitioned court has 'power to inquire with regard to the jurisdiction of the inferior court, either in respect to the subject matter or the person, even if such inquiry (involves) an examination of facts outside of, but not inconsistent with, the record.'"

In Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 578, 85 L.Ed. 830, Justice Roberts indicated that a petitioner could not dispute incontrovertible facts "such as those recited in a court record." Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 365, indicates that petitioner's right was limited to establishing allegations in the petition not inconsistent with the record. Justice Douglas, in the course of the opinion, stated: "The petition for habeas corpus was denied without requiring the State to answer or without giving petitioner an opportunity to prove his allegations. *And the allegations contained in the petition are not inconsistent with the recitals of the certified copy of the sentence and judgment which accompanied the petition and under which petitioner is confined.*" (Emphasis supplied.)

Hawk v. Olson, Warden, 66 S.Ct. 116, 119, contains this significant statement: "The record is either silent on or not inconsistent with anything material in these allegations."

---

[3] Freeman on Judgments, 5th Ed., Collateral Attack, § 375, et seq.; 31 C.J.S., Evidence, p. 793, § 145; 31 Am.Jur., p. 181, § 583.

[4] Frank v. Mangum, 237 U.S. 309, 35 S. Ct. 582, 589, 59 L.Ed. 969. This case discusses in detail the place of habeas corpus in our jurisprudence when questions of constitutional rights are involved. After discussing these principles, the Supreme Court states: "In the light, then, of these established rules and principles: that the due process of law guaranteed by the 14th Amendment has regard to substance of right, and not to matters of form or procedure; that it is open to the courts of the United States, upon an application for a writ of habeas corpus, to look beyond forms and inquire into the very substance of the matter, to the extent of deciding whether the prisoner has been deprived of his liberty without due process of law, and for this purpose to inquire into jurisdictional facts, *whether they appear from the record or not;* * * *" (*Emphasis supplied.*)

As pointed out, the journal entry of judgment specifically recites that at the time of sentence, petitioner was present in person and by his duly appointed counsel. In the face of this recital, he was not permitted in a collateral attack to offer oral testimony to impeach the correctness of this recital, and the trial court therefore committed no error in refusing to permit petitioner to contradict this recital by his oral testimony.

But the record is silent as to whether his counsel was present when the jury returned its verdict into court. He alleged in his petition that he was not present, and that petitioner did not waive his right to counsel and that he was denied his constitutional right to be represented by counsel at this state of the proceedings. If as a matter of constitutional right he was entitled to be represented by counsel at the time the jury returned its verdict, he should have been permitted to testify as to these allegations, and it would be reversible error to refuse him the opportunity to so testify.

No case has been cited and our search has failed to disclose one in which the identical question has been decided. Kent v. Sanford, 5 Cir., 121 F.2d 216, 217, apparently recognizes the right of a defendant to be represented by counsel at the time the verdict was returned and sentence was pronounced. From the opinion it appears that petitioner was not so represented, but that he had been represented by counsel up to the point where the jury returned its verdict and sentence was imposed. The court apparently excused the failure to have counsel present on the theory, as stated in the opinion, that "The court advisedly accepted for itself the duty of representing the defendant upon the return of the verdict, and fully discharged that responsibility." A number of cases have considered the right to counsel at the time of sentence, and, as in many instances, the decisions are not in accord. This question was before us in Batson v. United States, 10 Cir., 137 F.2d 288, but we did not find it necessary to pass upon it. Those cases which hold that it is not essential that counsel be present at the time of sentence generally place their decision on the ground that the sentence is no part of the trial.[5] In the Batson case, supra, we expressed our disapproval of the practice of imposing sentence in the absence of counsel without expressly ascertaining that defendant does not desire his presence.

In Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158, 84 A.L.R. 527, the Supreme Court of the United States sets out in detail why a defendant is entitled to counsel at every stage of the proceedings, and states: "He requires the guiding hand of counsel at every step in the proceedings against him."

In Hawk v. Warden, supra, Justice Reed said: "He had no advice of counsel prior to the calling of the jury. * * * The defendant needs counsel and counsel needs time."

To hold that the return of the verdict into court or sentence thereafter is no part of the trial is to accord the term "trial" a very narrow and technical definition—too narrow a definition when the question under consideration is the violation of human rights and liberty guaranteed by the Constitution. We think that the return of the verdict by the jury and the imposition of sentence upon a verdict of guilty are steps in the trial of a defendant charged with the violation of a criminal statute. Certainly the return of the verdict is an important step in the trial, at which the defendant needs the guiding hand of competent counsel. He has the right and privilege of polling the jury; the right to stand and have each juror stand and face him and say whether the verdict is or is not his individual verdict. As stated in the Powell case, supra, and all the subsequent cases which follow it: "He requires the guiding hand of counsel at every step in the proceedings against him." Failure to accord him this protection at every step in the proceedings constitutes error unless he intelligently waives the right thereto. It is not sufficient, in our opinion, to say that failure to accord him this protection at every step in the proceedings is immaterial error when it appears that the court "advisedly accepted for itself the duty of representing the defendant upon the return of the verdict, and fully discharged that responsibility." Assuming that a court can adequately represent the defendant at any step of a contested criminal trial, that is not a substitute for, nor can it be taken in satisfaction of, the constitutional requirement that one charged with crime is entitled to the

---

[5] See Footnote 2, Batson v. U. S., supra.

benefit of counsel who will devote his undivided energies solely and exclusively to the performance of these functions.

Failure to permit petitioner to testify as to this issue, in the light of the record, constitutes reversible error.

The judgment is accordingly reversed and the case is remanded, with directions to proceed in conformity with the views expressed herein.