**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Clarence W. SMITH, Defendant-Appellant.**

**No. 18724.**

United States Court of Appeals Sixth Circuit.

June 3, 1969.

---

Frank J. Gavin, Jr., Cleveland, Ohio, for appellant.

Harry E. Pickering, Cleveland, Ohio, for appellee, Bernard J. Stuplinski, U. S. Atty., Robert J. Rotatori, Asst. U. S. Atty., Cleveland, Ohio, on the brief.

Before PHILLIPS, EDWARDS and COMBS, Circuit Judges.

PHILLIPS, Circuit Judge.

This appeal presents an almost incredible story of robbery of the Cleveland Post Office. Appellant (Smith) was convicted under a twenty-one count indictment for multiple violations of embezzling United States mail, damaging and stealing post office property and falsifying and concealing information on his application for employment. Among the charges was the embezzlement of money from mail pouches while Smith was serving as a motor vehicle operator for the Post Office.

Smith entered a plea of not guilty. The jury found him guilty on all counts. The District Court sentenced him to a total of twelve years imprisonment. For the reasons expressed in this opinion we find it necessary to reverse and remand for a new trial.

The District Court appointed an attorney to represent Smith. After pleading not guilty at his arraignment, Smith was released on bond pending the trial. Throughout the trial and up to the point of the return of the jury verdict Smith was represented competently by his court-appointed attorney. At the conclusion of the presentation of the evidence and the closing arguments the District Judge delivered his charge and the jury retired to consider its verdict, all without incident. Two days later at the noon hour the jury informed the court that a verdict had been reached. At that point the following took place in the courtroom:

"THE CLERK: If your Honor please, the Clerk has been informed that the jury is about to return a ver-

dict. They are in the box waiting to be called.

"MR. ROTATORI: Your Honor, may I state for the record at this time that Mr. Perry, counsel for the defense, called in this morning and stated he was ill at home and would be unable to be here for the jury's verdict.

"THE COURT: He called in to our office and said the same thing.

"So that your lawyer can't be with you this morning, sir."

"THE DEFENDANT: Yes, sir.

"THE COURT: Proceed."

Thereupon the jury rendered its guilty verdict and the District Judge polled the jury. Without the assistance of counsel Smith requested that his bond be continued pending sentencing. The District Judge denied Smith's request and he was taken into custody. The court-appointed attorney was present at the time of sentencing on January 26, 1968.

Smith assigns several errors but we find it necessary to discuss only one issue: Is the involuntary absence of the defendant's attorney at the time when the jury verdict is returned a violation of the Sixth Amendment right to counsel? Under the circumstances of this case we answer this question in the affirmative.

Our research has failed to disclose any case from the Sixth Circuit involving a similar fact situation. There is a split of authority in some of the other Circuits as to the effect of the absence of defense counsel from the courtroom at the time the jury returns its verdict.

In Martin v. United States, 182 F.2d 225 (5th Cir. 1950), cert. denied, 340 U.S. 892, 71 S.Ct. 200, 95 L.Ed. 647, the Court was faced with a situation in which the defendant's attorney asked the trial court to excuse him from further attendance at the trial once the jury retired. The trial court granted this request and the defense attorney was not present when the jury returned with its verdict or when sentence was imposed upon the defendant. The Court of Appeals for the Fifth Circuit refused to reverse the judgment but vacated the sentence and remanded for new sentencing. The Court expressed the view that no prejudice resulted from the absence of defense counsel when the verdict was returned. The reception of the jury verdict was described as a "stage of the proceedings" which had "minor legal significance." The Court went on to say that the absence of counsel at the time of reception of the verdict was an "inconsequential impingement of the constitutional right." See Kent v. Sanford, 121 F.2d 216 (5th Cir. 1941), cert. denied, 315 U.S. 799, 62 S.Ct. 622, 86 L.Ed. 1200, for a similar fact situation and holding. We respectfully disagree with this line of reasoning.

The Sixth Amendment guarantees a defendant the right to effective assistance of counsel for his defense at all critical stages of the proceedings against him. The Court in United States v. Wade, 388 U.S. 218, 224–226, 87 S.Ct. 1926, 1930, 18 L.Ed.2d 1149 (1967) recently commented on this right:

> "In recognition of these realities of modern criminal prosecution, our cases have construed the Sixth Amendment guarantee to apply to 'critical' stages of the proceedings. The guarantee reads: 'In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel *for his defence.*' (Emphasis supplied.) The plain wording of this guarantee thus encompasses counsel's assistance whenever necessary to assure a meaningful 'defence.'
>
> \* \* \* \* \* \*
>
> "It is central to that principle that in addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial."

In *Wade* the Court was concerned with the absence of counsel at a police line-up. We hold that the principles expressed in that opinion are equally applicable to involuntary absence of counsel at the time of the return of the verdict of the jury.

 There can be no doubt that the return of the verdict by the jury is a "stage in the proceedings" against the accused. We deem it to be a critical stage. It is the pinnacle of the trial, the point when the jury pronounces the fate of the accused, guilty or not guilty. All the efforts of the prosecution and the defense in all prior stages of the proceedings are directed toward the goal of obtaining the desired result at this point in the trial. To consider this point of the proceedings as "non-critical" is to take an unrealistic view of a criminal prosecution. Little imagination is required to foresee situations in which the rights or the position of the accused could be prejudiced by failure to have the "guiding hand of counsel" at the moment when the jury returns its verdict. See Hamilton v. Alabama, 368 U.S. 52, 54, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158 (1932); and McGill v. United States, 121 U.S.App.D.C. 179, 348 F.2d 791, 793 (1965). We view the presentation of evidence, the charge to the jury, the return of the jury's verdict and the imposition of the sentence as one continuous proceeding. Each stage interlocks with and is dependent upon the other to make up the complete criminal prosecution. At no point during these proceedings must the accused be required to "stand alone against the State." United States v. Wade, *supra*, 388 U.S. 218, 226, 87 S.Ct. 1926.

In Thomas v. Hunter, 153 F.2d 834 (10th Cir. 1946), the defendant was denied the aid of counsel when the verdict of the jury was returned into Court and at the time of sentencing. In reversing the judgment, Judge Huxman said:

"To hold that the return of the verdict into court or sentence thereafter is no part of the trial is to accord the term 'trial' a very narrow and technical definition—too narrow a definition when the question under consideration is the violation of human rights and liberty guaranteed by the Constitution. We think that the return of the verdict by the jury and the imposition of sentence upon a verdict of guilty are steps in the trial of a defendant charged with the violation of a criminal statute. Certainly the return of the verdict is an important step in the trial, at which the defendant needs the guiding hand of competent counsel. He has the right and privilege of polling the jury; the right to stand and have each juror stand and face him and say whether the verdict is or is not his individual verdict. As stated in the Powell case, supra, and all the subsequent cases which follow it: 'He requires the guiding hand of counsel at every step in the proceedings against him.' Failure to accord him this protection at every step in the proceedings constitutes error unless he intelligently waives the right thereto. It is not sufficient, in our opinion, to say that failure to accord him this protection at every step in the proceedings is immaterial error when it appears that the court 'advisedly accepted for itself the duty of representing the defendant upon the return of the verdict, and fully discharged that responsibility.' Assuming that a court can adequately represent the defendant at any step of a contested criminal trial, that is not a substitute for, nor can it be taken in satisfaction of, the constitutional requirement that one charged with crime is entitled to the benefit of counsel who will devote his undivided energies solely and exclusively to the performance of these functions." 153 F.2d at 839.

In the present case the jury was polled by the District Judge. Even this precaution does not negate the possibility of prejudice to the defendant in not having the aid of his attorney. From a reading of the record it is impossible to determine the tone of voice of the jurors when they individully announced their decision,

the hesitancy of their responses, and other possibilities that could have taken place and had significant meaning. Had counsel been present and something of this nature occurred, the defendant would have had the benefit of his legal advice. We must presume that the defendant himself was ignorant of the legal significance of any such incident, and, without the aid of counsel, it would have passed unnoticed.

It is not for this Court to speculate as to the extent of prejudice that may have resulted from the absence of counsel. In Glasser v. United States, 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942), the Supreme Court was concerned with the prejudicial consequences of one co-defendant's retained attorney being appointed to represent the other co-defendant. In discussing the Sixth Amendment, the Court said:

"The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial."

■ It is not necessary that this Court determine whether defendant was prejudiced in fact, but only that he was "exposed to a reasonable possibility of prejudice in fact." McGill v. United States, *supra,* 348 F.2d 791. In Martin v. United States, *supra,* 182 F.2d 225, 227, the Court recognized that "If there was any reasonable doubt of prejudice, the defendant should have the benefit of it * * *."

In Lovvorn v. Johnston, 118 F.2d 704 (9th Cir. 1941), cert. denied, 314 U.S. 607, 62 S.Ct. 92, 86 L.Ed. 488, the appeal was from an order denying the issuance of a writ of habeas corpus. The defendant alleged in his petition that his attorney was voluntarily absent from the courtroom when the verdict was returned. The Court held that the voluntary absence of counsel did not affect the right of the Court to proceed, citing Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969 (1915) as authority. In the *Frank* case, both the defendant and his

attorney were advised to leave the courtroom during the rendition of the jury verdict for fear that a not guilty verdict would result in mob violence and injury to the defendant and his attorney. The Supreme Court held that since the defendant did not raise this issue in his motion for a new trial, he could not do so later in a collateral attack on the judgment. Subsequent decisions of the Supreme Court severely impair the dictum voiced in the *Frank* case. Furthermore, this decision and Lovvorn v. Johnston, *supra,* are distinguishable on their facts from the case at bar.

The record indicates that the reason for counsel's absence at the reception of the verdict was involuntary, i.e., illness. Further, Smith was given no opportunity to object to his attorney's absence. The Court expressed no concern as to the attorney's absence nor did it offer any alternative. The record does not indicate that the District Court tendered the appointment of substitute counsel to represent Smith during the illness of his court-appointed attorney. Smith was simply informed by the District Judge that he would be without an attorney.

■ No serious contention can be made that Smith waived his right to counsel at this time. The failure of Smith to object to the return of the verdict during the absence of his attorney or to request the appointment of substitute counsel will not be viewed as a tacit waiver of his right to counsel. In Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) the Supreme Court said that:

"'[C]ourts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.'"

In Newagon v. Scope, 183 F.2d 340 (9th Cir. 1950), cert. denied, 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665, the defendant's attorneys could not be found when the jury was ready to return its verdict. The trial court proceeded to hear the jury verdict in their absence. In

holding that there was no deprivation of constitutional rights, the Court based its opinion on the fact that the absence of the counsel was voluntary and therefore did not deprive the trial court of jurisdiction to proceed. Again the present case is distinguishable because here the absence of counsel was completely involuntary, beyond the control of anyone.[1]

We think the reasoning and the principles voiced in Thomas v. Hunter, *supra*, 153 F.2d 834, are correct and should be adopted in the Sixth Circuit. This Court has been jealous in its protection of Sixth Amendment rights. Such rights are not to be applied begrudgingly when the life and liberty of a defendant in a criminal trial are involved.

Reversed and remanded for a new trial.

---

1. We are not called upon to decide in the present case if the voluntary absence of defense counsel at the return of the verdict will constitute a violation of the Sixth Amendment rights of the accused.