**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dan DYKES, Defendant-Appellant.**

**No. 72–1007.**

United States Court of Appeals,
Ninth Circuit.

May 12, 1972.

James P. Hagerstrom, Federal Defenders Inc., Benjamin F. Rayborn, Legal Research Association, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Stephen C. Nelson, Douglas G. Hendricks, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before DUNIWAY, TRASK and CHOY, Circuit Judges.

PER CURIAM:

Dan Dykes appeals his conviction by a jury of passing and possessing counterfeit bills in violation of 18 U.S.C. § 472. We affirm.

First, the trial court did not abuse its discretion in declining to entertain a motion to suppress evidence presented the morning the trial was to begin. Fed.R.Crim.P. 41(e) requires that such a motion "shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at trial or hearing." Here, the motion was based upon facts known to appellant and his attorney well before the trial date. In any event, the record demonstrates that the police had probable cause to arrest appellant when they were summoned by the store manager who mistakenly believed a robbery was in progress.

Second, appellant was not deprived of effective representation of counsel because a substitute defense attorney was present with him when the jury was instructed. Appellant expressed no objection when the substitute attorney introduced himself to the court and explained why appellant's regular attorney could not be present. Nor was appellant prejudiced by the presence of an attorney who may not have been completely familiar with the proceedings.

The instructions given were standard. And even if the court erroneously said that one of the elements of possession of a counterfeit bill was "passing" it, the slip was harmless. Taken as a whole, the instructions clearly informed the jury that possessing, not passing, was an element of the offense. Neither possessing nor passing was at issue during the trial.

Affirmed.