**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy Glen OSTERBROCK,
Defendant–Appellant.**

**No. 88–3530.**

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 28, 1989.

Decided Dec. 15, 1989.

---

William E. Hunt (argued), Office of the U.S. Atty., Cincinnati, Ohio, for U.S.

Peter W. Swenty, H. Fred Hoefle (argued), Cincinnati, Ohio, for defendant-appellant.

Before KRUPANSKY and WELLFORD, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

KRUPANSKY, Circuit Judge

Defendant-appellant, Timothy Glen Osterbrock (Osterbrock), has appealed from his conviction, by jury, on one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846; two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1); and one count of using a telephone to facilitate the distribution of cocaine in violation of 21 U.S.C. § 843(b). Osterbrock was sentenced to imprisonment for 72 months with a three year term of supervised release following incarceration. Osterbrock was also fined $25,200.

On appeal, Osterbrock has initially argued that, because the jury verdict was returned in the absence of his attorney, he was denied his sixth amendment right to counsel during a critical stage of trial. On March 16, 1988, the day the verdict was returned, the jury had requested additional instructions which were given by the trial judge just prior to noon. After instructing the jury, the trial judge recessed the court for lunch to reconvene at 2 o'clock. At half past one, the jury informed the trial court that it had reached a verdict. In accordance with his instructions, the trial judge reconvened court at 2:15 p.m., after having unsuccessfully attempted to reach Osterbrock's counsel. The trial court thereafter proceeded to accept the jury's verdict in the presence of defendant without the assistance of his counsel. After accepting the verdict, the trial judge polled each member of the jury. Subsequent to the discharge of the jury, Osterbrock's counsel belatedly returned to the courtroom at approximately 2:40 p.m. and informed the trial judge that he had been at

lunch and was attending other legal matters in the bankruptcy court. He stated that he believed the jury would not arrive at a verdict so expeditiously. As a result of his counsel's absence from the courtroom when the verdict was accepted by the court, Osterbrock, on appeal, seeks a new trial.

■ The sixth amendment guarantees the right to competent counsel to all individuals accused of crimes. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The presence of the defendant's counsel "is essential because [he is] the means through which the ... rights of the person on trial are secured." *United States v. Cronic*, 466 U.S. 648, 653, 104 S.Ct. 2039, 2043, 80 L.Ed.2d 657 (1984). "Where the sixth amendment claim is the denial, rather than the effective assistance of counsel, the criminal defendant need only show that counsel was absent during a *critical stage* of the proceedings in order to establish a constitutional violation." *Green v. Arn*, 809 F.2d 1257, 1263 (6th Cir.1987)(emphasis added).

In *United States v. Smith*, 411 F.2d 733 (6th Cir.1969), the defendant was charged with embezzling United States mail and with various other offenses. When the jury returned its verdict, defendant's counsel was absent due to illness. The trial judge thereafter polled the jury. The court initially concluded that the return of the verdict by the jury was a critical stage of a criminal trial. *Smith*, 411 F.2d at 736. "It is the pinnacle of the trial, the point when the jury pronounces the fate of the accused, guilty or not guilty." *Id.;* see also *United States v. Clayton*, 418 F.2d 1274, 1276 (6th Cir.1969); *United States v. Calabro*, 467 F.2d 973, 988 (2d Cir.1972), *cert. denied*, 410 U.S. 926, 93 S.Ct. 1357, 1358, 35 L.Ed.2d 587 (1973). This court thereafter concluded that defense counsel's involuntary absence at the jury's return of the verdict constituted a violation of the defendant's sixth amendment right to counsel. *Smith*, 411 F.2d at 736.

Since this court's decision in *Smith*, the harmless error analysis, enunciated in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), has been applied to sixth amendment violations resulting from defense counsel's absence during a critical stage of the trial. In *Siverson v. O'Leary*, 764 F.2d 1208, 1219 (7th Cir.1985), the Seventh Circuit considered the absence of defense counsel at the time when a verdict was returned. The court in *Siverson* concluded that, although it was error for the trial court to accept the jury's verdict in the absence of the defendant's counsel, the error was harmless beyond a reasonable doubt even where the jury was not polled by the trial judge. *Siverson*, 764 F.2d at 1219. This court has cited *Siverson* with approval. *Green*, 809 F.2d at 1263. *Green* concluded that, although there are circumstances which would not justify the absence of counsel at a critical stage of a trial, a harmless error analysis is appropriate when a jury verdict is accepted. *Id.*

■ The record, in the instant case, indicates that defense counsel was still at lunch and attending to legal matters of other clients at the time the jury returned with its verdict. Attempts to locate the attorney by the trial court had been fruitless. Moreover, in this case the trial judge polled the jury in the presence of Osterbrock to explore any inconsistency or coercion in the returned unanimous verdict. Prejudice, if any, resulting from the defense counsel's absence, as charged by Osterbrock, was merely speculative. Accordingly, the sixth amendment violation charged by the appellant was, by the pronouncements of *Siverson* and *Arn*, harmless beyond a reasonable doubt.

Osterbrock has additionally argued that he was entitled to a new trial because his trial counsel's assistance was ineffective in violation of the sixth amendment. After the jury had retired to deliberate, the court received an inquiry from the jury requesting permission to rehear the testimony of Galen Steele (Steele) who had been arrested by the Drug Enforcement Agents when he had sold them a kilogram of cocaine that he had purchased from Osterbrock. At trial, Steele was the government's key co-

operating witness linking Osterbrock to the sale of cocaine.

Counsel for the government and Osterbrock were notified of the jury's request and no objections were noted by either party. The jury was carefully instructed by the trial judge in open court and in the presence of Osterbrock and his counsel that the court reporter would read Steele's testimony in its entirety and that the jury was not to place undue emphasis on any given part of the testimony but was to evaluate it in its entirety. The trial judge further instructed the jury that it was forbidden from asking questions of the court reporter. The court reporter thereafter read Steele's entire testimony in the jury room in the absence of the defendant, his counsel or other persons. Osterbrock has asserted that the failure of his trial counsel to object to this procedure denied him his right to effective assistance of counsel, because neither he nor his legal counsel were present during the reading of Steele's testimony to the jury in violation of Fed.R. Crim.P. 43.[1]

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to prove the denial of effective assistance of counsel requires:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *accord Watson v. Marshall*, 784 F.2d 722, 725 (6th Cir.1985)("[T]he defendant must not only show that his counsel's performance fell below an objective standard of reasonableness, but that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'")(quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068), *cert. denied*, 476 U.S. 1107, 106 S.Ct. 1955, 90 L.Ed.2d 363 (1986); *Beasley v. United States*, 491 F.2d 687 (6th Cir.1974). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064.

■ Osterbrock, on appeal, has failed to demonstrate that his counsel's representation fell below the objective standard of reasonableness under prevailing professional norms. *See Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir.1984). Rule 43 has been determined not to be absolute. The court may submit exhibits to the jury outside the defendant's presence, *United States v. De Hernandez*, 745 F.2d 1305 (10th Cir.1984), and may provide transcripts of testimony to the jury in the defendant's absence. *United States v. Schor*, 418 F.2d 26 (2d Cir.1969).

In two opinions, the Ninth Circuit has addressed the issue of replaying tapes of trial testimony for the jury in the absence of defendant and his counsel. *United States v. Kupau*, 781 F.2d 740 (9th Cir.), *cert. denied*, 479 U.S. 823, 107 S.Ct. 93, 93 L.Ed.2d 45 (1986); *United States v. Brown*, 832 F.2d 128 (9th Cir.1987). In *Kupau*, the appellate court concluded that replaying a tape of trial testimony for the jury was a "stage of the trial," which required the presence of the defendant and

---

1. Fed.R.Crim.P. 43 provides:
   **Rule 43. Presence of the Defendant**
   (a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

since it was accomplished outside the presence of the defendant and his counsel, the defendant's Rule 43 rights had been violated. *Kupau,* 781 F.2d at 743. The court, however, reviewed the Rule 43 violation pursuant to the plain error standard because it had been joined for the first time on appeal. The court determined that replaying the tape for the jury, after an explicit cautionary instruction, was not plain error "in the absence of any suggestions that extraneous matters came before the jury." *Kupau,* 781 F.2d at 743.

In *Brown,* a tape of trial testimony had been replayed for the jury, in the absence of the defendant and his counsel and over the objection of defense counsel, by a "case agent," a United States Marshall, who had been seated at the prosecutor's table during the entire trial against the defendant. In light of the defense counsel's objection to the procedure directed by the trial court, its decision was reviewed pursuant to the harmless error standard in contrast to the plain error standard in *Kupau.* The appellate court concluded that, although the Rule 43 violation did not rise to the level of plain error under *Kupau,* it constituted reversible error because the case agent was not a neutral observer. *Brown,* 832 F.2d at 130. "[W]e cannot say that the case agent is the sort of neutral observer in this controversy, whose uncorroborated affidavit should convince us beyond a reasonable doubt that the Rule [43] violation was harmless." *Id.*

■ Contrary to Osterbrock's contentions, *Kupau* and *Brown* do not endorse the conclusion that his defense counsel's assistance was deficient for failing to object to the reading of Steele's testimony in his absence and in the absence of his counsel. In the case at bar, unlike *Brown,* the transcript was presented to the jury by a neutral party with appropriate instructions. Osterbrock has not demonstrated that extraneous information had been presented to the jury during the reading of Steele's testimony. Moreover, there is a strong presumption that legal counsel is competent. The sixth amendment guarantees only a fair trial and a competent attorney and does not insure that defense counsel will recognize and raise every conceivable constitutional claim. *Cronic,* 466 U.S. at 658, 104 S.Ct. at 2046; *Engle v. Isaac,* 456 U.S. 107, 134, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982); *Hayes v. Lockart,* 766 F.2d 1247 (8th Cir.), *cert. denied,* 474 U.S. 922, 106 S.Ct. 256, 88 L.Ed.2d 263 (1985); *cf. Boag v. Raines,* 769 F.2d 1341 (9th Cir.), *cert. denied,* 474 U.S. 1085, 106 S.Ct. 860, 88 L.Ed.2d 899 (1985)(failure to raise meritless argument does not constitute ineffective assistance of counsel). Accordingly, Osterbrock has not proven the first prong of the *Strickland* test since his counsel's assistance was not deficient in failing to object to the reading of Steele's testimony to the jury by the court reporter.

■ Nor has Osterbrock demonstrated that the failure of his counsel to object to the reading of Steele's testimony to the jury was prejudicial to him under the second prong of the *Strickland* test. "[P]rejudice is demonstrated by showing a reasonable probability that the outcome would have been different but for counsel's errors." *Martin v. Rose,* 744 F.2d 1245, 1250 (6th Cir.1984). The testimony, in the case at bar, was read to the jury by the court reporter after an appropriate cautionary instruction by the trial judge. The trial judge explicitly stated that the jury was to review the totality of Steele's testimony and not only selected parts thereof and that they were not to question the court reporter. Osterbrock has failed to demonstrate that the jury's verdict would have been different if the trial court had permitted the court reporter to read Steele's testimony for the jury in his or his counsel's presence. Any prejudice that may have resulted from the reading of Steele's testimony was merely conjectural or hypothetical. *See Strickland,* 466 U.S. at 693, 104 S.Ct. at 2067 ("general requirement that the defendant affirmatively prove prejudice"). Consequently, Osterbrock's claim of ineffective assistance of counsel does not satisfy either the first or second prong of the *Strickland* test.

This court having considered Osterbrock's remaining assignments of error

concludes that they are without merit. Accordingly, the judgment of Osterbrock's conviction is AFFIRMED.

WELLFORD, Circuit Judge, concurring.

While I concur in the result reached by the majority, I write separately to emphasize an abiding concern about the practice of permitting proceedings to take place before the jury outside the presence of the trial judge and/or the attorney for the defendant. While no prejudice was demonstrated in this particular case, district judges and attorneys should avoid this practice, which may under some circumstances necessitate a new trial or raise the possibility of claims of ineffective assistance of counsel and attorney malpractice.