972 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy Glen OSTERBROCK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3882.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1992.
 
 Before KENNEDY and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Timothy Glen Osterbrock, a pro se federal prisoner, moves the court under Fed.R.App. P. 40 to reconsider its order of March 24, 1992, affirming a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255.
 
 
 2
 It appearing that the motion is well taken, the court's order of March 24, 1992, is hereby VACATED. This appeal shall proceed in normal course and will be construed as taken from the district court's judgment of September 12, 1991, denying his motion to vacate filed under 28 U.S.C. § 2255.
 
 ORDER
 
 3
 Timothy Glen Osterbrock, a pro se Kansas prisoner, appeals a district court order denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In March 1988, a federal jury convicted Osterbrock on one count of conspiracy to possess with intent to distribute cocaine, two counts of distributing cocaine, and one count of using a telephone to facilitate the distribution of cocaine. He received a sentence of seventy-two months imprisonment, three years supervised release, and a twenty-five thousand dollar fine. On appeal, Osterbrock argued that: 1) he was denied his right to counsel when the trial court accepted the jury verdict in the absence of defense counsel; 2) trial counsel rendered ineffective assistance; 3) the government failed to disclose its intent to seek a reduced sentence for the cooperating co-conspirator; and 4) there was insufficient evidence to support the conviction. This court affirmed the conviction. United States v. Osterbrock, 891 F.2d 1216 (6th Cir.1989).
 
 
 5
 In February 1990, Osterbrock filed his first motion to vacate his sentence under 28 U.S.C. § 2255. The motion was denied, and Osterbrock did not appeal the denial. On August 28, 1991, Osterbrock filed the present motion to vacate his sentence under 28 U.S.C. § 2255. Osterbrock alleged that oral communications introduced as evidence during trial were obtained in violation of 18 U.S.C. § 2510 et seq. and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. The motion was denied. On appeal, he raises the same argument that he presented to the district court. Osterbrock has moved for the appointment of counsel.
 
 
 6
 Upon review, we conclude that Osterbrock has failed to establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 7
 Osterbrock's second motion to vacate constitutes an abuse of the motion procedure afforded under 28 U.S.C. § 2255. See Rule 9(b) Rules Governing § 2255 Procedures; cf. McCleskey v. Zant, 111 S.Ct. 1454, 1467 (1991). In addition, a § 2255 proceeding is not a substitute for a direct appeal. See United States v. Addonizio, 442 U.S. 178, 184 (1979). Because Osterbrock did not raise his argument in his direct appeal, he must show cause for the procedural default and actual prejudice resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Osterbrock has failed to satisfy this burden. Nonetheless, we have reviewed Osterbrock's claim and conclude it is without merit. The oral communications which were introduced at trial were not "intercepted" for the purposes of 18 U.S.C. § 2510 et seq. See United States v. Meriwether, 917 F.2d 955, 960 (6th Cir.1990).
 
 
 8
 Accordingly, we deny the motion for the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.