IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 21, 2014

**WILLIAM T. JOHNSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**No. 284499      Don W. Poole, Judge**

———————————

**No. E2014-00828-CCA-R3-PC - Filed December 8, 2014**

———————————

The Petitioner, William T. Johnson, appeals the Hamilton County Criminal Court's denial of his petition for post-conviction relief. On appeal, the Petitioner claimed (1) he was denied effective assistance of counsel because his trial counsel was absent during a portion of jury deliberation and when the jury returned its verdict, and (2) because the trial court failed to secure the Petitioner's waiver of counsel's presence. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., J., joined. JAMES CURWOOD WITT, JR., J., filed a separate concurring opinion.

John Allen Brooks, Chattanooga, Tennessee, for the appellant, William T. Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Neal Pinkston, District Attorney General; and Jason Demastus, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**The Jury Trial**

Following a jury trial, the Petitioner was convicted of aggravated criminal trespass, theft under $500, and two counts of robbery. He was sentenced to 11 months and 29 days each for aggravated criminal trespass and theft under $500 and to 15 years for each robbery conviction. The trial court ordered the 15-year sentences for robbery to run concurrently with each other but consecutively to the Petitioner's other two sentences.

Following review on direct appeal, this Court affirmed the Petitioner's judgments of conviction, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. State v. William Toby Johnson, No. E2009-02374-CCA-R3-CD, 2011 WL 4436616 (Tenn. Crim. App. Sept. 26, 2011), *perm. to app. denied* (Tenn. Jan. 11, 2012).

## Post-Conviction Hearing

The Petitioner subsequently filed a timely *pro se* petition for post-conviction relief alleging numerous grounds. After the appointment of counsel, an amended petition was filed, in which the Petitioner alleged that he had been denied effective assistance of counsel at trial. On January 22, 2014, the matter was heard.

### Testimony of Trial Counsel

At the post-conviction relief hearing, the Petitioner's trial counsel testified that he had practiced law for over 20 years and had worked in criminal defense since 1998. He estimated that he had conducted "75 plus" criminal trials. Trial counsel explained that another attorney was initially appointed to represent the Petitioner and had developed the case with the help of an investigator. Following his appointment, trial counsel received the complete file from the other attorney. Trial counsel met with the Petitioner five or six times to make sure he "understood [the Petitioner's] position in regard to the case." Counsel recalled that the Petitioner received a plea offer for a 10-year sentence and then a second offer for eight years, but the Petitioner rejected both offers and went to trial.

Trial counsel testified that while the jury was deliberating, he received permission from the trial court to leave the courthouse to coach a middle school basketball game. Trial counsel had an attorney from his office come to the courtroom to wait with the Petitioner. Trial counsel testified that he was "in telephone communication with [the stand-in attorney] the entire time." Counsel did not remember if he got permission from the Petitioner before leaving. Counsel explained, however, that attorneys frequently leave court to go to their offices or do other things while a jury deliberates. Trial counsel felt "absolutely certain" that his absence would not affect the outcome of the case. Counsel received a phone call when the jury reached its verdict, and he immediately left the game and returned to court. However, the trial court allowed the jury to announce its verdict before he arrived because there was an attorney present for the Petitioner.

## Testimony of the Petitioner

The Petitioner complained that trial counsel was absent from the courtroom while the jury was deliberating and when the jury returned its verdict. After being excused by the trial court to coach a basketball game, trial counsel told the Petitioner that he would "see [him] after the game." The Petitioner testified that he did not see trial counsel again until later in the evening when counsel came to the jail. Trial counsel apologized for not being present and talked about an appeal. The Petitioner admitted that while the jury deliberated, another attorney from trial counsel's firm waited with him in the courtroom and was there with him when the jury announced its verdict. The Petitioner stated that he had never met his trial counsel's associate previously and that he was never asked to waive his trial counsel's presence.

The Petitioner also testified that, while trial counsel was absent during deliberations, the jury was brought into the courtroom and questioned by the trial court. The jury then returned to the jury room to continue deliberation. However, the trial transcript, which was introduced as an exhibit at the post-conviction hearing, does not support this allegation. The transcript shows that following the trial court's final charge to the jury, the jury deliberated for approximately two and a half hours before court recessed for the evening. The jury returned the following day and began deliberations at 11:10 a.m. Sometime before 12:30 p.m., the jury submitted a question to the trial court. Trial counsel was present at that time and discussed an appropriate answer to the question with the court and the State's attorney. According to this discussion, the jury was to stop for lunch at 12:30 p.m. The record next reflects that the jury returned to the courtroom at 3:55 p.m. and announced its verdict. At that time, the trial court informed the jury, "Mr. Clancy Cobert is a partner of [trial counsel], he is standing with the consent of [the Petitioner] with him, he is the attorney." The court then asked the jury for its verdict. After the foreperson announced the verdict on count one, the trial court polled each and every member of the jury to ensure the verdict was unanimous. The court followed this procedure after announcement of the verdict on each count.

## Memorandum and Order of the Post-Conviction Court

Following the hearing, the post-conviction court took the case under advisement. On February 7, 2014, the court filed its written memorandum addressing "all grounds presented" and stating "the findings of fact and conclusions of law with regard to each ground," as required by Tennessee Code Annotated section 40-30-111(b). An order dismissing the petition was filed the same day.

Concerning trial counsel's absence during jury deliberations and return of the verdict, the post-conviction court stated:

It is true that "[t]he United States Supreme Court has clearly established that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice." *Jackson v. Ludwick*, 2011 U.S. Dist. LEXIS 196869, *17(E.D. Mich.) (citing *United States v. Cronic,* 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L.Ed. 2d 657 (1984)). It is also true that "the return of a jury verdict is a critical stage of the proceedings for Sixth Amendment purposes." Id. at * 18 (citing *United States v. Smith,* 411 F.2d 733, 736 (6th Cir. 1969)). United States Supreme Court precedent, however, does not require application of the presumption of prejudice when a defendant has temporary, substitute counsel.

Finding that the Petitioner was not completely denied counsel, the post-conviction court concluded:

> In the [P]etitioner's case, temporary, substitute counsel was present during deliberation by the jury and return of the verdict. In the circumstances, it does not seem to the Court reasonable to presume prejudice. The [P]etitioner, however, does not allege any actual prejudice from counsel's absence during either stage of the proceedings or any deficiency in and actual prejudice from the temporary substitute's performance. Nor does the record establish any such prejudice; the record reflects no issues during counsel's absence. The Court therefore finds that any deficiency in counsel's or his temporary substitute's performance in this respect was not prejudicial.

The Petitioner filed a timely notice of appeal.

## Analysis

In order to prevail upon a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. Jaco v. State, 120 S.W.3d 828, 830 (Tenn. 2003). Post-conviction relief cases often present mixed questions of law and fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001) (citing State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999)). As such, we review a trial court's findings of fact under a *de novo* standard with a presumption that those findings are correct unless otherwise proven by a preponderance of the evidence. Id. (citing Tenn. R. App. P. 13(d); Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997)). The trial court's conclusions of law are reviewed "under a purely *de novo* standard, with no presumptions of correctness . . . ." Id.

-4-

When reviewing the trial court's findings of fact, this Court does not reweigh the evidence or "substitute [its] own inferences for those drawn by the trial court." Id. at 456. Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge." Id. (citing Henley, 960 S.W.2d at 579).

On appeal, the Petitioner contends that the post-conviction court erred in dismissing his petition because he was denied counsel during jury deliberations and the return of the verdict, both critical stages of his trial. The Petitioner avers that the post-conviction court erred in finding that he had to prove the two factors set out in Strickland v. Washington, 466 U.S. 668 (1984), in order to establish that counsel was ineffective. The Petitioner asserts that the post-conviction court should have presumed prejudice under United States v. Cronic, 466 U.S. 648 (1984), thereby relieving the Petitioner of the burden of proving the Strickland factors. Additionally, the Petitioner asserts that pursuant to Olden v. United States, 224 F.3d 561 (6th Cir. 2000), the trial court should have ensured that the record contained his waiver of counsel before allowing substitute counsel to stand-in for trial counsel.

The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. Ordinarily, in order to receive post-conviction relief for ineffective assistance of counsel, a petitioner must prove two factors: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the defense. Strickland, 466 U.S. at 687; see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (stating that the same standard for ineffective assistance of counsel applies in both federal and Tennessee cases); Henley, 960 S.W.2d at 580; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). Additionally, review of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see also Henley, 960 S.W.2d at 579.

As to the first prong of the Strickland analysis, "counsel's performance is effective if the advice given or the services rendered are within the range of competence demanded of attorneys in criminal cases." Henley, 960 S.W.2d at 579 (citing Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); see also Goad, 938 S.W.2d at 369. In order to prove that counsel was deficient, the petitioner must demonstrate "that the counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688); see also Baxter, 523 S.W.2d at 936.

Even if counsel's performance is deficient, the deficiency must have resulted in prejudice to the defense. Goad, 938 S.W.2d at 370. Therefore, under the second prong of the Strickland analysis, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694)(internal quotation marks omitted).

Conversely, in Cronic, the United States Supreme Court identified scenarios involving the right to counsel where the situation was "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." 466 U.S. at 658-60. Under such circumstances, a presumption of prejudice exists, and a petitioner need not prove the two prongs of Strickland to show ineffective assistance of counsel. Id. at 662. One such scenario is "the complete denial of counsel" at "a critical stage" in the proceedings. Id. at 659-60; see also Berry v. State, 366 S.W.3d 160, 174 (Tenn. Crim. App. 2011).

After a review of the record and relevant authorities, we conclude that the Petitioner was not completely denied counsel during his trial; therefore, the presumption of prejudice from Cronic does not apply. Further, the Petitioner failed to establish deficient performance and prejudice under the standard for ineffective assistance of counsel claims set forth in Strickland.

In the instant case, the Petitioner did not suffer a complete denial of counsel. The Petitioner had counsel present during jury deliberations and at the return of the verdict. During the time of original counsel's absence, the jury submitted no further questions to the trial court, and the court provided no additional instructions to the jury. Additionally, when the jury returned its verdict, the trial court polled the members of the jury to ensure that the verdict was unanimous. We agree with the post-conviction court that it does not seem reasonable to presume prejudice under these circumstances. See e.g., Carroll v. Renico, 475 F.3d 708, 712–14 (6th Cir. 2007) (petitioner's right to counsel was not denied when co-defendant's counsel stood in for petitioner's counsel during re-instruction of the jury; co-defendant's attorney objected to conspiracy instruction on behalf of both defendant and co-defendant); United States v. Dykes, 460 F.2d 324, 325 (9th Cir.1972) (defendant was not deprived of effective representation of counsel because a substitute defense attorney was present when the jury was instructed where defendant expressed no objection when substitute attorney introduced himself to court and explained why defendant's regular attorney could not be present and instructions given were standard); United States v. Stewart, 435 F.2d 711 (5th Cir.1970) (where counsel who was substituted after defendant's original counsel was present in the courtroom at all times during proceedings after original counsel departed and no prejudice to defendant was discernible, defendant was not denied effective assistance of

counsel following original counsel's departure).[1]

The Petitioner also asserts that the trial court was required to ensure a valid waiver of trial counsel's presence before the court allowed the temporary substitution of stand-in counsel to represent him. In support of his claim, the Petitioner relies upon Olden v. United States, 224 F.3d 561 (6th Cir. 2000). In Olden, the defendant was indicted on federal drug conspiracy charges in connection with a drug distribution ring, and he was tried along with two co-defendants. Id. at 563-64. Olden's trial counsel was absent from the courtroom on numerous occasions during trial when the government presented evidence that pertained to Olden's guilt. Id. at 568. During these absences, counsel for Olden's co-defendants took turns standing in for Olden's trial counsel. Id. at 568-69. On appeal, Olden argued that he had no representation during those occasions when trial counsel was absent because he did not knowingly and intelligently accept substitute counsel. The Olden court explained that while Sixth Amendment jurisprudence generally requires a claimant to demonstrate deficient representation and prejudice, it "presume[s] prejudice when a defendant demonstrates actual conflicts of interest that compromise an attorney's ability to advocate his client's interests . . . or when counsel is completely denied due to absence at a 'critical stage' of trial." Id. (citing Rickman v. Bell, 131 F.3d 1150, 1155 (6th Cir. 1997) and Cronic, 466 U.S. at 659). The court noted, however, that "representation, or lack thereof, that would otherwise constitute a constitutional violation may be excused when a defendant knowingly and intelligently waives his Sixth Amendment right to counsel." Id. (citing United States v. Nichols, 979 F.2d 402, 407 (6th Cir. 1992)). The court was also particularly concerned that Olden's representation by a co-defendant's attorney ran afoul of the rules governing joint representation of co-defendants set forth in Rule 44(c) of the Federal Rules of Criminal Procedure, if a waiver was not knowingly entered. Id. The case was remanded to the federal district court to determine whether Olden knowingly and intelligently agreed to representation from his co-defendant's attorneys during the absence of his own attorney. Id.

We find the Olden decision unpersuasive for several reasons. First, it is factually

---

[1] Because we find that the Petitioner was not completely denied counsel, we need not determine whether jury deliberations and the return of the verdict were critical stages in the proceedings. We note that the Court of Appeals for the Sixth Circuit has held that the return of a jury verdict is a critical stage of the proceedings for Sixth Amendment purposes. See United States v. Smith, 411 F.2d 733, 736 (6th Cir. 1969). The United States Supreme Court, however, has yet to address the issue. Additionally, although the Supreme Court has determined that the giving of a supplemental jury instruction is a critical stage of criminal proceedings, Rushen v. Spain, 464 U.S. 114, 119, n. 4 (1983), and the Sixth Circuit has concluded that re-instructing a jury is a critical stage of the proceedings for purposes of the Sixth Amendment right to counsel, see Caver v. Straub, 349 F.3d 340, 350 (6th Cir.2003), it is clear from the record in this case that trial counsel was present when the jury submitted a question to the court and agreed with the court on its proposed response to the jury.

distinguishable from the present case. Unlike the defendant in <u>Olden</u>, the Petitioner was not on trial with co-defendants, and stand-in counsel for the Petitioner was not trial counsel for a co-defendant. In this case, the Petitioner was represented by an attorney from trial counsel's firm. <u>See Tenn. Sup. Ct. R. 8, RPC 1.10, Cmt. 2</u> (stating that "a firm of lawyers is essentially one lawyer for purposes of the rules governing loyalty to the client"). Additionally, as pointed out by the State, the Sixth Circuit later clarified the <u>Olden</u> decision, noting that the United States Supreme Court has never required a trial court to ask a defendant whose attorney is not present whether he or she consents to a stand-in attorney or whether the defendant's consent to stand-in counsel is informed. <u>Carroll</u>, 475 F.3d at 713. In any event, the trial transcript in this case reveals that the Petitioner did not object when trial counsel's associate stood in for trial counsel, and the trial court indicated to the jury that the Petitioner had consented to stand-in counsel's presence.

In light of the fact that the Petitioner was represented by stand-in counsel during the jury deliberations and the taking of the verdict, the Petitioner was neither actually nor constructively denied the assistance of counsel. Thus, the appropriate standard for reviewing the Petitioner's claim would be the <u>Strickland</u> standard, in which the Petitioner would be required to show that stand-in counsel's performance was deficient, and that the deficient performance actually prejudiced the defense. <u>See Miller v. Leonard</u>, 65 F. App'x. 31, 34–35 (6th Cir.2003) (applying <u>Strickland</u> standard in rejecting claim that stand-in counsel was ineffective for failing to object to trial court's supplemental jury instruction). On appeal, the Petitioner has not alleged actual prejudice by the use of stand-in counsel during a portion of jury deliberations and the taking of the verdict, and the record does not establish any such prejudice. Thus, the Petitioner has failed to establish that he was denied the effective assistance of counsel under the <u>Strickland</u> standard. Accordingly, we affirm the denial of post-conviction relief.

## Conclusion

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE