Roesevelt HAYES, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.

No. 84–2092.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1985.

Decided July 9, 1985.

Rehearing Denied Aug. 13, 1985.

William David Duke, Little Rock, Ark., for appellant.

Theodore Holder, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before ROSS, and JOHN R. GIBSON, Circuit Judges, and COLLINSON,* District Judge.

COLLINSON, District Judge.

Roesevelt Hayes, an inmate presently confined at an Arkansas state prison, appeals the district court's final judgment, No. PB-C-82-81 (E.D.Ark., June 6, 1984) (unpublished), denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1982). Mr. Hayes and his co-defendant, Beverly Lewis, were convicted of first degree murder by a jury in Pulaski County Circuit Court on January 31, 1977.

---

* The HONORABLE WILLIAM R. COLLINSON, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

The victim was Loretta McGowan, a woman sharing an apartment with Hayes and Lewis. Following a heated discussion about apartment expenses on October 12, 1976, Lewis, Hayes and the victim were driven to a remote area near the Little Rock airport by a friend. After the driver left, they began walking down the road. They walked to a bridge where Lewis threw McGowan's purse into the river. Hayes then fired McGowan's gun into the air in an attempt to get McGowan to jump off the bridge.

The three roommates proceeded to walk down the road. Hayes handed the handgun to Lewis who then shot McGowan in the chest. McGowan fell to the ground and was "crawling around mumbling" when Hayes took the gun and fired three shots at the back of the victim's head. Ms. McGowan's body was discovered that evening by a passing motorist.

After the body was found, Hayes was interviewed by the police and voluntarily accompanied them to the police station. After Hayes gave conflicting accounts of when and where he had last seen the victim, the police advised him of his rights and he gave a written confession. Lewis confessed to the killing after questioning by the police. Following a de novo hearing and ruling by the trial court that the statements were voluntary and admissible, both confessions were introduced at trial.

At the time of his conviction, Mr. Hayes and Ms. Lewis were both indigent. The Arkansas trial judge, the Honorable William J. Kirby, appointed the public defender, Harold Hall, to jointly represent both Hayes and Lewis. Lewis received a sentence of 35 years upon her conviction and Hayes received a sentence of life upon his conviction. Mr. Hayes' conviction was affirmed by the Arkansas Supreme Court. *Hayes v. State*, 269 Ark. 47, 598 S.W.2d 91 (1980). Hayes exhausted his state court remedies by requesting relief from the Arkansas Supreme Court, which was denied.

On March 23, 1982, Hayes filed a pro se petition for a writ of habeas corpus and was appointed counsel. United States magistrate Henry L. Jones held an evidentiary hearing and on March 15, 1984, filed his Proposed Findings and Recommendations which suggested that Hayes' petition be dismissed. On June 6, 1984, United States District Court Judge Henry Woods adopted the findings and recommendations in their entirety and ordered the petition dismissed.

Hayes raises three grounds for relief. They are: (1) deprivation of his right to effective assistance of counsel guaranteed by the sixth and fourteenth amendments to the Constitution due to the joint representation by the public defender; (2) deprivation of his right to effective assistance of counsel due to his court-appointed counsel failing to present evidence or argument and by failing to cross-examine witnesses; and (3) denial of due process by the giving of the state's requested instruction No. 2. Upon consideration of the record, briefs, and oral argument, we affirm the decision of the district court.

Hayes first argues that he was deprived of his right to effective assistance of counsel guaranteed him by the sixth and fourteenth amendments to the Constitution because of the dual representation by his counsel of both he and his co-defendant. Hayes asserts that the confessions given by the defendants clearly indicated that each defendant perceived his or her role in the actual murder differently, both suggesting that the other defendant was primarily responsible. Hayes contends that neither the trial court nor the court-appointed public defender advised Hayes or Lewis of the risk and dangers inherent in the dual representation and their right to separate counsel. Therefore, Hayes argues the conflict of interest presented by the dual representation precluded trial counsel from presenting proof and argument that lessened Hayes' role in the murder which could have led to the jury giving a reduced sentence.

■ Joint representation of co-defendants is not *per se* violative of constitutional guarantees of effective assistance of counsel. *Holloway v. Arkansas*, 435 U.S. 475,

482, 98 S.Ct. 1173, 1177, 55 L.Ed.2d 426 (1978).

In *Cuyler v. Sullivan,* 446 U.S. 335, 347, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333 (1980), the Supreme Court held that a trial judge must make an inquiry into the propriety of joint representation when the judge knows or reasonably should know that a conflict exists. Based upon our review of the record, we conclude that this is not a case in which the trial judge had an affirmative duty to make such an inquiry. Neither Roesevelt Hayes nor his trial attorney objected to proceeding to trial without separate counsel. Nor did trial counsel indicate to the court that he foresaw even the possibility of a conflict of interest. Mr. Hall testified at the evidentiary hearing that he perceived no conflict of interest in the dual representation and still believed, even upon reflection, that he was not impaired in any way in representing both defendants.

Without an objection or other signal to the trial judge that a potential conflict exists, a habeas petitioner must demonstrate that his attorney's performance was adversely affected by an actual conflict of interest. *Id.* at 348, 100 S.Ct. at 1718; *Parker v. Parratt,* 662 F.2d 479, 483–84 (8th Cir.1981), *cert. denied,* 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 91 (1982), "An actual conflict occurs when counsel cannot use his best efforts to exonerate one defendant for fear of implicating the other." *United States v. Auerbach,* 745 F.2d 1157, 1162 (8th Cir.1984). Hayes claims his attorney's conflict of interest is clear since the defendants were incapable of exonerating themselves. This resulted in the attorney being unable to stress Hayes' lesser culpability at sentencing. The district court adopted the magistrate's finding that there was no actual conflict of interest which adversely affected counsel's performance. We agree.

Although we have previously stated that "there is no litmus test to determine whether an actual conflict exists," we have also recognized that a "conflict of interest

exists where the factual circumstances require counsel to offer evidence which assists one co-defendant that adversely affects others." *Parker,* 662 F.2d at 484. Hayes claims that his only defense was to point the finger of blame at his co-defendant, and to show that Lewis, without urging from him, and without provocation from the victim intentionally shot the victim, which resulted in the victim's death. In addition, he claims Hall should have argued that Hayes' conduct in shooting the victim was at the insistence of Lewis and it played no role in her death. Hayes argues that blame would have been placed upon Lewis had his attorney been able to cross-examine Lewis, but his counsel could not due to the dual representation.

Hayes' counsel testified that there was no conflict in representation because neither defendant placed the blame on the other and both admitted that they were present and participated in the crime. He further testified that the statements did not show different degrees of culpability, that each was responsible for the acts of the other under Arkansas law and that his strategy in not developing the differences in the confessions was to keep out certain evidence prejudicial to both defendants.

In Hayes' contention that he did not receive a reduced sentence due to a conflict of interest, he overlooks the fact that his role in the crime was fairly established by his own testimony. There is no question that, after he received the handgun from his co-defendant, he shot the victim, even if only a "mercy killing." Hayes was able to testify as to his role in the crime. Hayes' attorney was able to bring out Hayes' concern for the victim's suffering. Given the youth of his co-defendant and Hayes' relationship to the victim and Lewis, it was not unreasonable for the jury to have imposed a greater sentence upon Hayes. It is thus apparent that Hayes failed to prove that the dual representation by the public defender was an actual conflict of interest.

Hayes also argues he was deprived of his right to effective assistance of counsel because his trial counsel totally abdicated all

responsibility for defending Hayes by failing to present evidence or argument, and by failing to cross-examine witnesses, concerning matters that could have led to a reduced sentence.

■ A fundamental component of our criminal justice system is the right of the accused to be represented by counsel. *United States v. Cronic*, — U.S. —, 104 S.Ct. 2039, 2043, 80 L.Ed.2d 657 (1984). Actual "assistance" must be provided for the accused to avoid violation of the sixth amendment. *Id.* at 2044. An appropriate inquiry in a sixth amendment case focuses upon the adversarial process, not on the accused's relationship with his lawyer as such. *Id.* at 2046 n. 21. "If counsel is a reasonably effective advocate, he meets constitutional standards irrespective of his client's evaluation of his performance." *Id.* The burden rests on the accused to demonstrate a violation of this constitutional guarantee. *Id.* at 2046.

■ The benchmark for judging any claim of "actual ineffectiveness" must be whether counsel's conduct so undermined the proper functioning of the adversarial process that there can be no reliance upon the trial as having produced a just result. *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The proper standard for attorney performance is one of reasonably effective assistance, considering all the circumstances. *Id.* The Supreme Court has stated:

> No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel or the range of legitimate decisions regarding how best to represent a criminal defendant.

*Id.* 104 S.Ct. at 2065.

■ To demonstrate ineffective assistance of counsel defendant must show that his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would exhibit under similar circumstances, and that defendant suffered material prejudice as a result. *Carpenter v. United States*, 720 F.2d 546, 547–48 (8th Cir.1983). There exists a presumption that counsel is competent. *Wallace v. Lockhart*, 701 F.2d 719, 726 (8th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983). Generally, an ineffective assistance of counsel claim cannot be based on a decision relating to a reasoned choice of trial strategy, even when proved improvident. *Id.* at 726–727.

The magistrate found that Hayes counsel, Mr. Hall, testified that his strategy in Hayes' case was to keep the jury from knowing about the money earned by prostitution that the victim and Lewis paid Hayes; to keep the jury from seeing some gruesome photographs of the victim; to keep out testimony that Hayes told Cheryl Graves that he was going to "blow up" the victim's house and that he told Dennis Taylor that he was going to kill the victim; and to keep out any evidence that would show premeditation by Hayes. Mr. Hall also testified that he tried to keep the confession out of evidence but was unable to do so.

■ After reviewing the entire record, the district court found that Hayes failed to prove inadequate assistance of counsel. We agree. Hayes essential argument is that if he had different counsel, he would not have received a life sentence. However, Hayes failed to prove his contention that Mr. Hall did not exercise the customary skills and diligence that a reasonably competent attorney would exhibit under similar circumstances. Since Hayes did not meet his burden, the district court shall be affirmed.

The final issue raised by plaintiff on appeal is whether the district court properly found the issue of whether Arkansas denied Hayes due process of law by giving state's requested instruction No. 2,[1] was

---

1. Deliberation means a weighing in the mind of

the consequences of a course of conduct as

barred from collateral review by a habeas court for failure to comply with state procedural rules. Hayes argues that the district court improperly applied the procedural default doctrine of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Hayes sets forth the following three reasons why this Court should consider reversal: (1) the Arkansas Supreme Court, on a direct appeal from the conviction, reached and erroneously resolved the merit of Hayes' claim that the instruction was defective; (2) the ineffective assistance of Hayes' counsel by failing to object to the instruction entitles Hayes to a review of his allegation that the instruction was defective; (3) the Arkansas Supreme Court erroneously decided that the giving of the instruction was not "plain error" and therefore Hayes is entitled to an independent determination of this issue. Appellee argues that the district court properly concluded that the above arguments lacked merit. We agree with appellee.

In *Wainwright,* the Supreme Court concluded that Florida procedure requiring a contemporaneous objection did consistently with the United States Constitution, require a habeas petitioner's confession be challenged at trial or not at all, and thus a failure to timely object to its admission amounted to an independent and adequate state procedural ground which would prevent direct review by a federal court. *Wainwright,* 433 U.S. at 86–87, 97 S.Ct. at 2506–07. The Court found a bar to consideration of the alleged constitutional violation (grounded in the state procedural default) absent a showing of "cause" for the failure to object and actual "prejudice" to the petitioner from the alleged constitutional violation. *Id.* at 87, 97 S.Ct. at 2506. Arkansas appellate courts refuse to review an argument for reversal unless an appropriate objection has first been made on that point in the trial court. *See, e.g. Washington v. State,* 276 Ark. 140, 142, 633 S.W.2d 24, 25 (1982); In the instant case, the Arkansas Supreme Court refused to consider the instruction on appeal because appellant did not make a specific objection at trial. *Hayes v. State,* 598 S.W.2d at 93. Citing *Wilson v. State,* 261 Ark. 820, 552 S.W.2d 223 (1977) the state appellate court found Hayes' claim procedurally barred for failure to make a specific objection. Based upon the state appellate decision, the district court concurred that the *Wainwright* bar as applied by the Eighth Circuit Court of Appeals in *Dietz v. Solem,* 677 F.2d 672 (8th Cir.1982) would be applicable. We believe the district court's holding was not improper.

▮ Further, we do not find favor with the three reasons set forth by Hayes for reversal. In regard to Hayes' first reason, we agree with the district court that the Arkansas Supreme Court did not reach and erroneously resolve the merits of Hayes' claim that the instruction was defective. The Arkansas court merely addressed the issue of whether the instruction was prejudicial in conjunction with the plain error argument and did not consider whether the conviction should be reversed because the instruction was simply defective.

▮ Hayes second reason also lacks merit. The United States Constitution guarantees a criminal defendant only a fair trial and a competent attorney, and does not insure that defense counsel will recognize and raise every conceivable constitutional claim. *Engle v. Isaac,* 456 U.S. 107, 134, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982). The Supreme Court has held, "Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the de-

---

distinguished from acting on a sudden impulse without the exercise of the reasoning powers.

Premeditation means thought beforehand, that is there must exist in the mind of the assailant, before the act of killing, a specific intent to take the life of the person slain.

One is presumed to intend the natural and probable consequences of his action. It is not necessary that such intent be formed for any particular length of time before the killing so long as it did exist and precede the homicide. Furthermore, it is immaterial for how long the deliberation existed, so long as it did exist and precede the homicide.

mands of comity and finality counsel against labelling alleged unawareness of the objection as cause for a procedural default." *Id.* Accordingly, the district court's finding that there was no ineffective assistance of counsel is not erroneous.

Finally, Hayes' third reason has been specifically rejected by the Supreme Court. The Supreme Court has refused to replace or supplement the "cause-and-prejudice" standard with a plain-error inquiry. *Id.* at 134–135, 102 S.Ct. at 1575–1576. The burden of justifying federal habeas relief for state prisoners is greater than the "plain error" showing required on direct appeal. *Id.* Thus, the district court properly concluded that Hayes was not entitled to an independent determination of the improper instruction issue.

For the above reasons, the district court judgment of June 6, 1984, which denied the application for a writ of habeas corpus and dismissed the petition is affirmed.

John R. Gibson, Circuit Judge, filed dissenting opinion.