989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Charles Marvin HAYES, Appellee,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction, Appellant,
 No. 92-2979.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 17, 1993.
Filed: March 31, 1993.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 The State appeals the magistrate judge's[1] grant of habeas relief pursuant to 28 U.S.C. § 2254 to Charles Marvin Hayes, an Arkansas inmate, on the ground that he was denied the right to conflict-free representation at trial. We affirm.
 
 
 2
 Hayes, Maurice Crawford, and Tommy McIntosh were charged with possession of cocaine with intent to deliver and tried jointly in Crawford County Circuit Court. The defendants retained James P. Massie to represent all three of them. The evidence at trial showed that they were stopped in a rented van for speeding in Arkansas. McIntosh was driving, Crawford, whose name was on the rental agreement, was in the passenger seat, and Hayes was lying down on a back seat. A search of the van revealed several shopping bags, one of which contained two kilograms of cocaine wrapped in tape, a weapon belonging to McIntosh in the floorboard of the van between the driver's seat and the second seat, and a pouch containing $8,000 in $1,000 packets in Crawford's suitcase. Testing uncovered Crawford's fingerprints on the bag that contained the cocaine packages. The police also found a pistol in Hayes's luggage, which he had told them about at police headquarters, and motel receipts in Hayes's name from a motel in Monrovia, California. In verbal statements to the police, all three said that they had been to Oklahoma and denied having been to California. At trial, they admitted going to California; they denied any knowledge of the cocaine. All three were convicted. Hayes was sentenced to forty years in prison and assessed a $50,000 fine.
 
 
 3
 In this habeas petition, Hayes asserts ineffective assistance of trial counsel, due to the conflict of interest resulting from the multiple representation. Following an evidentiary hearing, the magistrate judge found that Hayes had not knowingly and intelligently waived any conflict. He determined that Hayes established an actual conflict of interest and an adverse effect on his lawyer's representation. See Burger v. Kemp, 483 U.S. 776, 783 (1987). He granted the petition and ordered the State to retry Hayes within sixty days. He also granted a stay pending appeal.
 
 
 4
 The State argues on appeal that the magistrate judge erred in finding Hayes did not waive his right to conflict-free counsel. The State also argues that no actual conflict of interest existed because the defendants presented identical defenses and Hayes did not attempt to accuse the others in order to exonerate himself.
 
 
 5
 A defendant can waive his right to conflict-free counsel provided the waiver is knowing, intelligent, and voluntary. Henderson v. Smith, 903 F.2d 534, 536 (8th Cir.), cert. denied, 111 S. Ct. 529 (1990). We review under a clearly erroneous standard the lower court's factual findings concerning whether a defendant waived his rights, but we review de novo the ultimate determination of whether a waiver occurred. Cf. United States v. Caldwell, 954 F.2d 496, 504 (8th Cir.), cert. denied, 113 S. Ct. 65 (1992).
 
 
 6
 We conclude that the magistrate judge's findings were not clearly erroneous. Massie was unable to supply any details about his discussion with the defendants about conflict of interest or the contents of the waiver form defendants admitted signing. The discussion occurred before Massie had received discovery information, knew the difference in the strength of the evidence against each defendant, and could fully advise the defendants as to the potential dangers of joint representation. Massie did not reopen the question of conflict and further advise the defendants when the evidence became known to him or after the court denied the defendants' motion to suppress the evidence. In light of the record developed at the evidentiary hearing, we hold that the magistrate judge correctly concluded as a matter of law that Hayes did not knowingly and intelligently waive his right to conflict-free counsel because Hayes did not understand " 'the details of [Massie's] possible conflict and the potential perils of such conflict.' " Henderson, 903 F.2d at 538 (quoted case omitted).
 
 
 7
 Having concluded that Hayes did not knowingly and intelligently waive his right to conflict-free counsel, we must decide whether an actual conflict of interest existed. "The question whether a conflict of interest was present that could support a finding of ineffective assistance of counsel is ... a mixed question of law and fact requiring 'application of legal principles to the historical facts of [the] case.' " United States v. Auerbach, 745 F.2d 1157, 1161 n.3 (8th Cir. 1984) (quoted case omitted). "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Once a party demonstrates such an "actual conflict," no further showing of prejudice is required. Id. at 349-50. We have recognized that "an actual conflict of interest occurs when counsel cannot use his or her best efforts to exonerate one defendant for fear of implicating the other." United States v. Unger, 665 F.2d 251, 255 (8th Cir. 1981).
 
 
 8
 We agree with the magistrate judge that habeas relief is appropriate. Massie acknowledged, and the magistrate judge found, that Massie could not, either through cross-examination of Crawford and McIntosh or in his closing argument, take advantage of the strength of the evidence against Crawford as compared to the relatively weak evidence against Hayes. Massie could not use his "best efforts to exonerate [Hayes] for fear of implicating [Crawford]." See id.
 
 
 9
 In support of its argument that no actual conflict existed, the State cites Hayes v. Lockhart, 766 F.2d 1247 (8th Cir.), cert. denied, 474 U.S. 922 (1985), Christian v. Housewright, 721 F.2d 240 (8th Cir. 1983), and Parker v. Parratt, 662 F.2d 479 (8th Cir. 1981), cert. denied, 459 U.S. 846 (1982). In each of these cases, this court, in concluding there existed no actual conflict, relied to some extent on the fact that the codefendants asserted identical defenses and did not attempt to shift the blame on each other. However, we have cautioned that "there is no litmus test to determine whether an actual conflict exists," and have suggested that a conflict may arise where there are "markedly different degrees of relative culpability." Parker, 662 F.2d at 484. Further, Hayes and Parker relied in part on the attorney's testimony that there was no conflict, because the attorney " 'is in the best position professionally and ethically to determine when a conflict of interest exists.' " Id. at 486 (quoting Holloway v. Arkansas, 435 U.S. 475, 485 (1978)); see United States v. Agosto, 675 F.2d 965, 972 (8th Cir. 1982) ("Courts generally give substantial weight to defense counsel's representations regarding conflicts of interest"). In the present case, Massie essentially conceded that a conflict existed.
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the matter was referred for entry of judgment by consent of the parties pursuant to 28 U.S.C. § 636(c)