**Kenneth DOKES, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 92–2350.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1993.

Decided May 10, 1993.

Rehearing and Rehearing En Banc Denied June 15, 1993.

Craig Lambert, Little Rock, AR, argued (Craig Lambert and John Wesley Hall, Jr., on the brief), for appellant.

Jackie Ward Gillean, Little Rock, AR, argued (Winston Bryant and Darnisa Evans Johnson, on the brief), for appellee.

Before LOKEN and HANSEN, Circuit Judges, and VAN SICKLE,* Senior District Judge.

HANSEN, Circuit Judge.

Kenneth Dokes appeals the district court's judgment[1] denying his petition for writ of

---

* The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, presiding by consent of the parties.

habeas corpus filed pursuant to 28 U.S.C. § 2254. Dokes was convicted in Arkansas state court of theft and, with co-defendant Beverly Willis, of robbery and aggravated robbery. The same attorney ("trial counsel") represented both Dokes and Willis at their joint trial. In his petition, Dokes alleged ineffective assistance of counsel due to a conflict of interest resulting from trial counsel's dual representation of the co-defendants and trial counsel's failure to investigate an alleged speedy trial violation. We affirm.

## I.

Dokes was convicted in Arkansas state court after a bench trial of three crimes, which were charged in three separate cases but tried in a combined proceeding. Dokes was charged alone in the first case, a theft of property occurring in 1984. The second case involved a January 7, 1985, simple robbery and the third involved an aggravated robbery occurring on January 24, 1985, both of which robbery charges included Beverly Willis as a co-defendant. Dokes was sentenced to a ten-year term of imprisonment for the theft charge, a ten-year term for the robbery charge, and a 44–year term for the aggravated robbery charge, the terms to run consecutively. Both Dokes and Willis appealed to the Arkansas Supreme Court and their convictions were affirmed. *Willis v. State of Ark.*, 299 Ark. 356, 772 S.W.2d 584 (1989). Although represented by trial counsel on appeal, Dokes attempted to file a supplemental pro se appellate brief, which the Arkansas court refused to accept.

Dokes filed for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. In his Rule 37 petition, Dokes alleged (1) that his speedy trial rights had been violated and (2) that trial counsel was ineffective due to a conflict of interest based on the co-defendants' conflicting testimony concerning the alleged speedy trial violation. Dokes also filed a motion to amend his Rule 37 petition in which he reiterated his claims. The Arkansas Supreme Court refused to accept the amended petition because its length violated the court's ten-page limit on Rule 37 petitions. *Dokes v. State*, 300 Ark. 424, 779 S.W.2d 182 (1989).

After the Arkansas Supreme Court denied his petition for post-conviction relief, Dokes filed a petition for a writ of habeas corpus in the United States District Court in which he raised several issues. The magistrate judge found Dokes' claim alleging trial counsel's conflict of interest due to co-defendants' incompatible defenses to be procedurally barred as Dokes had not raised it anywhere in his prior pleadings. The magistrate then held an evidentiary hearing to pursue the allegations regarding the speedy trial issues. After the hearing, the magistrate judge denied relief as to all claims. On appeal to this court, Dokes raises the following issues: (1) trial counsel's conflict of interest due to the co-defendants' incompatible defenses on the merits; (2) trial counsel's conflict of interest with respect to the speedy trial issue; (3) trial counsel's ineffective assistance for failure to investigate the speedy trial issue.

## II.

### A.

Dokes asserts that he was denied effective assistance of counsel due to trial counsel's dual representation of Dokes and his co-defendant Willis on the robbery and aggravated robbery charges. Dokes argues that his defense at trial was a total lack of involvement while co-defendant Willis's defense was that, instead of robbery by use of force, she and Dokes conducted a simple "pigeon drop" scam to defraud their victims of their money and belongings. The magistrate judge found that Dokes failed to raise this specific claim of trial counsel's alleged conflict of interest due to incompatible defenses on the merits in the state court and thus it was procedurally barred.

A habeas petitioner seeking relief from a state conviction may not raise a claim in federal court that he or she failed to raise at the state level in accordance with applicable state procedures absent a showing of cause and prejudice. *Sawyer v. Whitley*, —— U.S. ——, ——, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992) (citations omitted). Dokes asserts that he adequately presented the incompatible defenses issue to the state court and cites to several statements in his

Rule 37 petition and his supplemental Rule 37 petition to support this assertion. Each of these statements, however, is lifted directly from a discussion about the alleged speedy trial violation, to which Dokes refers numerous times throughout his lengthy pleadings. We also disagree that Dokes raised the issue in his supplemental pro se brief or adequately implied it when he listed his grounds for relief in his amended Rule 37 petition.

After carefully reviewing Dokes' pleadings at the various stages of his appeal and post-conviction proceedings, we agree with the magistrate judge that Dokes failed to preserve his incompatible defenses issue. Nevertheless, we reach the same result by addressing the merits of Dokes' claim. *See Thompson v. Mo. Bd. of Parole,* 929 F.2d 396, 399 (8th Cir.1991) (pro se petitions should be given liberal construction) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)).

**B.**

██ Joint representation by a single attorney is not a per se violation of a defendant's right to effective assistance of counsel. *Hayes v. Lockhart,* 766 F.2d 1247, 1249–50 (8th Cir.) (citing *Holloway v. Arkansas,* 435 U.S. 475, 482, 98 S.Ct. 1173, 1177, 55 L.Ed.2d 426 (1978)), *cert. denied,* 474 U.S. 922, 106 S.Ct. 256, 88 L.Ed.2d 263 (1985). Rather, a defendant must show that there was an actual conflict that adversely affected the attorney's performance in order to establish an ineffective assistance of counsel claim. *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980); *Hayes,* 766 F.2d at 1250 (citations omitted). " 'An actual conflict occurs when counsel cannot use his best efforts to exonerate one defendant for fear of implicating the other.' " *Hayes,* 766 F.2d at 1250 (quoting *United States v. Auerbach,* 745 F.2d 1157, 1162 (8th Cir.1984)). Dokes argues that his and his co-defendant's allegedly incompatible defenses placed trial counsel in an irreconcilable conflict of interest.

██ Trial counsel testified at the hearing before the magistrate judge that both Dokes and Willis admitted to him that they conducted pigeon drop scams but maintained that they did not use force. In light of this information, as well as the positive identifications of both defendants by each of the victims, trial counsel considered the best strategy to be to eliminate the use of force and hope for a conviction, if any, on a lesser included offense. Trial counsel believed that Willis, by describing the pigeon drop scam in her own rather entertaining way, could convince the court that no weapons were involved. According to trial counsel, Dokes understood that Willis was to testify and expressed no objections. Trial counsel did not recall Dokes' ever telling him he wanted to pursue a separate defense of non-participation.

At trial, no one suggested that one defendant may have been significantly more culpable than the other, *see Parker v. Parratt,* 662 F.2d 479, 484 (8th Cir.1981), *cert. denied,* 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 91 (1982), or that one of the defendants may have worked alone. Rather, the nature of this particular crime strongly supports the wisdom of a joint defense. The pigeon drop scam that Willis described requires the participation of at least two con-artists. One person must act the part of the gullible simpleton who recently came upon a large sum of money, while the other must play the role of the opportunistic passerby. The simpleton engages the victim in conversation about how she might safeguard her newly-acquired wealth. The opportunistic passerby then casually walks by, leading the victim to believe that the two con-artists have never met before. The passerby becomes drawn into the conversation and convinces the victim to join him in defrauding the simpleton of her wealth. The passerby urges the victim to "front" some of his own money in order to gain the trust of the simpleton, but in the end, the victim is the one who finds himself defrauded. The success of few crimes depends as strongly on the active participation of at least two individuals as does the success of the pigeon drop scam. As a result, not only did Dokes and Willis not shift the blame to one another, they would likely have been unable to do so successfully.

Finally, Dokes argues that had he and Willis both intended to admit culpability of a

lesser included offense, trial counsel would not have attacked the identification testimony of the victim witnesses. Trial counsel explained, however, that he simply saw a weakness in the testimony of a victim who inadvertently stated he saw only the back of the male participant and that he "was reaching for straws[,] trying anything [he] could at that point." Ultimately, the victims identified both Dokes and Willis in each of the cases charged against them. Trial counsel's effort to discredit a key government witness in the face of overwhelming evidence of guilt does not amount to proof of Dokes' non-participation defense.

After examining the transcript of both the trial and the habeas hearing, we conclude that the co-defendants maintained a common defense at trial. As a result, Dokes has failed to show that trial counsel labored under an actual conflict that adversely affected his ability to present Dokes' defense.[2]

### III.

■ At trial, trial counsel raised a defense for Dokes based on an alleged speedy trial violation. Dokes then testified that he had remained in Arkansas since his initial arrest. Willis, however, when called as a witness by the State on the speedy trial issue, testified that Dokes had been living out of state with her for much of the relevant time period. Dokes contends that trial counsel failed to cross-examine Willis on her speedy trial testimony for fear of discrediting her in the process. Dokes claims that this created a conflict of interest for trial counsel that rose to the level of a violation of Dokes' Sixth Amendment right to effective assistance of counsel.[3]

An outline of the trial, including the order of the evidence, is helpful in understanding this claim. The trial in these cases began on September 12, 1988, and the government presented evidence on the 1985 simple robbery charge and the 1984 theft charge. Trial counsel then moved to dismiss the theft charge on speedy trial violation grounds. At that time, Dokes testified that he had remained in Little Rock, Arkansas, since his arrest. The court then ordered a continuance and the proceedings resumed on September 23, 1988. Upon reconvening, the court and the parties discussed the speedy trial issue further and the State called Beverly Willis as a witness regarding her and Dokes' whereabouts since their arrest. Willis testified that she and Dokes had been living out of the state for much of the relevant time period, and trial counsel did not cross-examine her. Apparently with approval from Dokes, trial counsel stipulated that three additional government witnesses would testify in a similar manner as did Willis. Finally, the State offered proof on the 1985 aggravated robbery charge. Willis testified that she and Dokes committed a pigeon drop scam but did not use force or weapons. Dokes did not testify on the merits of any of the three cases.

Dokes and Willis were indicted together and retained a single attorney. At trial, neither trial counsel nor either of the defendants objected to or expressed concerns about the joint representation. Trial counsel testified that he saw no conflict of interest in his joint representation of the co-defendants and that his decision not to cross-examine Willis was in no way influenced by the perception of any such conflict. While their testimony regarding Dokes' whereabouts conflicted, the conflict did not arise to a "blame shifting" situation in which trial counsel was unable to provide adequate representation for both defendants. *See Hayes*, 766 F.2d at 1250; *Christian v. Housewright*, 721 F.2d 240, 243 (8th Cir.1983); *Parker*, 662 F.2d 479 (conflict of interest arises when one defendant tries to exonerate himself by placing the blame on a co-defendant). Willis, a

---

**2.** Because we conclude that Dokes is not entitled to relief on the merits of the incompatible defenses claim, we need not address his contention that the Arkansas Supreme Court rule limiting post-conviction relief pleadings to ten pages is discriminately applied and violates the federal constitution.

**3.** Lockhart asserts that Dokes failed to raise this issue with respect to the theft charge, for which he was charged alone. The three charges, however, were tried together and Dokes devoted most of his post-trial pleadings to the alleged conflict of interest on the speedy trial issue. We read pro se pleadings broadly and will address this claim as it applies to all three charges.

State witness when she testified on the speedy trial issue, testified against her own interest as well as Dokes'. We hold that Dokes failed to show an actual conflict of interest with respect to the speedy trial issue in the joint representation of Dokes and Willis. *See Hayes,* 766 F.2d at 1249–50; *Cuyler,* 446 U.S. at 348, 100 S.Ct. at 1718.

### IV.

Finally, Dokes argues that, independent of any conflict of interest, trial counsel provided ineffective assistance for his failure to present the speedy trial defense with adequate vigor. The speedy trial issue was first brought to the state trial judge's attention upon trial counsel's oral motion to dismiss the theft case. At this time, Dokes took the stand for the sole purpose of testifying as to his whereabouts since his arrest. Later, trial counsel asked that the evidence and arguments presented on the speedy trial issue with respect to the theft charge also be applied to the robbery and aggravated robbery charges.

 In order to prevail on an ineffective assistance of counsel claim, a defendant must first show that counsel's performance was deficient, "that counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Second, the defendant must show that counsel's deficiency prejudiced his defense. *Id.* We hold that Dokes has failed to meet the first requirement, making it unnecessary for us to consider the second.

Dokes asserts trial counsel erred in failing to move for dismissal on the grounds of a speedy trial violation until after trial had started, *see* Ark.R.Crim.P. 28.1(f) (defendant waives any defense based on a speedy trial violation if an appropriate motion to dismiss is not filed prior to trial), and was unprepared to argue the defense once it was raised. Despite the apparent rule limitation, however, the trial court addressed the merits of the speedy trial motion and denied it as to each case. Furthermore, trial counsel testified at the habeas proceeding that he had understood fully that a speedy trial violation was a potential defense. He also understood, however, that his clients had been outside Arkansas for much of the relevant time period, thus rendering any speedy trial defense meritless. In addition, after presentation of evidence on the theft charge, the court granted a continuance during which trial counsel pursued this defense further. Once again, however, trial counsel concluded the defense lacked merit.

Dokes also alleges error in trial counsel's failure to cross-examine Willis, counsel's stipulation to the testimony of additional government witnesses, and counsel's failure to call Dokes' additional witnesses. Trial counsel testified that he did not cross-examine Willis on her testimony regarding her and Dokes' whereabouts because he could think of nothing to add that might be beneficial to his clients' case. Furthermore, had trial counsel cross-examined Willis regarding Dokes' whereabouts, he would have risked discrediting her testimony supporting their joint defense on the merits as well. We agree that the decision not to cross-examine Willis was the result of reasoned trial strategy.

Trial counsel also made a reasoned judgment to stipulate to the testimony of the State's proffered witnesses. Trial counsel had spoken with one of the potential witnesses and knew the testimony would be unfavorable to both his clients. Duplicative testimony that Dokes was indeed out of the state might well have proven prejudicial and severely diluted Dokes' own testimony. Furthermore, when the State offered the additional witnesses, trial counsel conferred with Dokes and stated to the court that "Mr. Dokes has informed me that those other witnesses probably will say the same thing. And I can stipulate it." As for the failure to call Dokes' witnesses, trial counsel testified that he did not remember being told about any of these individuals. Furthermore, we agree with the magistrate judge that these potential witnesses were far from disinterested parties, and the testimony of Willis, speaking against her own interests, would have been difficult to overcome.

"[A]n ineffective assistance of counsel claim cannot be based on a decision relating

to a reasoned choice of trial strategy, even when improvident." *Hayes,* 766 F.2d at 1251. We conclude that trial counsel made reasonable choices in trial strategy that fall well within the boundaries of effective assistance of counsel.

## V.

We affirm the district court's denial of Dokes' petition for a writ of habeas corpus.