56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Cregg L. MATTHEWS, Appellant,
v.
Jimmie M. JONES, Appellee.
 No. 94-3287
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 26, 1995
Filed: June 5, 1995
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Missouri inmate Cregg L. Matthews appeals the district court's[1] dismissal of his 28 U.S.C. Sec. 2254 petition. We affirm.
 
 
 2
 Matthews was convicted of possessing and selling cocaine. He filed this pro se habeas petition contending that his counsel was ineffective for not objecting to testimony about the purchase, on the basis that there was no proof the substance was cocaine. Matthews further contended that the trial court committed plain error in failing to sua sponte control the prosecution's closing argument urging the jury to "send[ ] a message ... [and] do something about drugs ... or we'll have a lot more." After conducting a de novo review, the district court dismissed Matthews's petition pursuant to the magistrate judge's recommendation. Matthews appeals.
 
 
 3
 In light of the State's declared intention at trial to call two witnesses who could establish that the substance purchased was cocaine, we think counsel made a reasonable strategic decision to stipulate to this fact but to contest the fact that Matthews possessed or sold the cocaine. See Dokes v. Lockhart, 992 F.2d 833, 838-39 (8th Cir. 1993) (ineffective-assistance claim cannot be based on decision relating to reasoned choice of trial strategy, even when improvident; counsel made reasoned judgment to stipulate to unfavorable testimony of state's witness), cert. denied, 115 S. Ct. 437 (1994); cf. United States v. Davis, 36 F.3d 1424, 1433 (9th Cir. 1994) (counsel made reasonable strategic decision to stipulate substance was cocaine base, so as to prevent further presentation of harmful evidence to jury), cert. denied, 115 S. Ct. 1147 (1995).
 
 
 4
 As to the closing-argument claim, we note that the evidence of Matthews's guilt was strong: an informant testified that she participated in a controlled cocaine purchase from Matthews; a search of the residence where the purchase took place produced various weapons, scales, grenades, and nine small plastic bags containing a white powdery substance; and various items of evidence linking Matthews to the residence were uncovered. Given the weight of the evidence, we do not believe the trial court's failure to sua sponte control the prosecutor's comments rose to the extraordinary level of plain error. See Sidebottom v. Delo, 46 F.3d 744, 759 (8th Cir. 1995) (standard of review in Sec. 2254 cases absent objection); Pollard v. Delo, 28 F.3d 887, 890-91 (8th Cir.) (question is whether prosecutor's comments so infected trial with unfairness as to violate due process and render results of trial unreliable), cert. denied, 115 S. Ct. 518 (1994); cf. United States v. Sepulveda, 15 F.3d 1161, 1187-88 (1st Cir. 1993) (prosecutor's improper remarks not plain error unless they " 'so poisoned the well that the trial's outcome was likely affected' "; although closing argument urging conviction of narcotics defendant to protect community went too far, it was not prejudicial given weight of evidence (citations omitted)), cert. denied, 114 S. Ct. 2714 (1994).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri