**Pedro Rodriquez BUSTAMANTE, Appellant,**

v.

**Harold J. CARDWELL [Frank A. Eyman], Warden, Arizona State Prison, Appellee.**

**No. 73–1823.**

United States Court of Appeals, Ninth Circuit.

May 13, 1974.

Robert J. Corcoran (argued), LeRoy L. Miller, Powers, Boutell, Fannin & Kurn, Phoenix, Ariz., for appellant.

William J. Schafer, Asst. Atty. Gen. (argued), Ronald L. Crimson, Asst. Atty. Gen., Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for appellee.

Before BROWNING and GOODWIN, Circuit Judges, and KING,* District Judge.

## OPINION

PER CURIAM:

Pedro Rodriquez Bustamante appeals from an order denying his petition for a writ of habeas corpus. He challenges the district court ruling that, although his absence from the courtroom at the time a tape recording of instructions was replayed to the jury constituted error, the error was harmless beyond a reasonable doubt. We affirm.

Bustamante's conviction for first-degree murder was affirmed by the Supreme Court of Arizona in 1968. State v. Bustamante, 103 Ariz. 551, 447 P.2d 243 (1968). Subsequently, he filed a petition for a writ of habeas corpus in federal district court in Arizona, contending that he had been denied due process of law when the jury was reinstructed at its request during deliberation, in his absence and without his knowledge.

The district court denied his petition, but this court reversed on the ground that the procedure was unconstitutional and remanded for a finding on the issue of prejudicial error. Bustamante v. Eyman, 456 F.2d 269 (9th Cir. 1972).

On remand the district court soon learned that no transcript had been taken at the playing of the tape-recorded instructions. Arguing that our earlier decision required the state to produce a transcript for inspection by the district court, Bustamante contends that the absence of a transcript automatically requires his discharge. We disagree. Although our earlier opinion apparently assumed that a transcript of the reinstruction of the jury would be available, we do not read that opinion to require

---

* The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

Bustamante's release in the event that no such transcript could be produced.

Unable to rely upon a transcript to establish harmless error, the state requested the district court to conduct an evidentiary hearing. At the resultant hearing the state called as witnesses Bustamante's defense attorney and the prosecutor at the original murder trial. The state also submitted a stipulation on the testimony of the presiding judge if he were called. Bustamante's ex-attorney testified that the original instructions were played back in their entirety, that the jury could hear them, that all members of the jury were present, that the judge made no comments to the jury other than remarks such as "be seated" or "go back to your deliberations," and that the bailiffs, clerks, and attorneys said nothing at all. The prosecutor's memory of the proceedings was not as clear, but his testimony was consistent with that of the defense attorney. The judge who was filling in for the trial judge that evening, and who had no other connection with the case, stated only that he had no independent recollection of having presided at the reinstruction.

■ Based upon the record produced at this hearing, the district court was convinced beyond a reasonable doubt that Bustamante's absence from the courtroom was a harmless oversight. We agree. The state has met its burden of showing that nothing prejudicial to the defendant occurred. *See generally* United States v. Arriagada, 451 F.2d 487, 488 (4th Cir. 1971), cert. denied, 405 U.S. 1018, 92 S.Ct. 1300, 31 L.Ed.2d 481 (1972); Ware v. United States, 376 F.2d 717 (7th Cir. 1967); Walker v. United States, 116 U.S.App.D.C. 221, 322 F.2d 434 (1963), cert. denied, 375 U.S. 976, 84 S.Ct. 494, 11 L.Ed.2d 421 (1964); Bacino v. United States, 316 F.2d 11, 14 (10th Cir.), cert. denied, 375 U.S. 831, 84 S.Ct. 76, 11 L.Ed.2d 62 (1963); Outlaw v. United States, 81 F.2d 805, 809 (5th Cir.), cert. denied, 298 U.S. 665, 56 S.Ct. 747, 80 L.Ed. 1389 (1936).

■ We now turn to the other issues raised by Bustamante's petition. First, he contends that the State of Arizona denied him due process of law by holding that in going forward and producing evidence he had waived his right to object to the denial of his motion for a directed verdict on first-degree murder made at the end of the state's case. He recognizes that we have upheld the constitutionality of the "waiver rule," *see* United States v. Figueroa-Paz, 468 F.2d 1055, 1058 (9th Cir. 1972), but seeks to distinguish this case on the ground that even if his motion for a directed verdict had been granted he would still have had to defend against the lesser included offenses. He argues that he should not be required to surrender his right to offer a defense against the lesser included offenses in order to obtain review of the denial of a directed verdict on the greater charge. We need not decide this issue, however, since we find no error in the denial of a directed verdict on the first-degree murder charge. The state's evidence, of itself, without Bustamante's defense, contained evidence of willful, deliberate, and premeditated killing.

■ Bustamante also argues that the State of Arizona denied him due process of law by sanctioning a conviction based upon no evidence. This point is frivolous.

■ Bustamante next challenges the clarity of the instructions to the jury defining the degrees of homicide. This point has no merit in a collateral attack, whether or not it might have been arguable in the direct appeal. Our review of the instructions does not reveal federal constitutional error undermining the fact-finding process. *See* Shepherd v. Nelson, 432 F.2d 1045, 1046 (9th Cir. 1970); *see also* Young v. State of Alabama, 443 F.2d 854, 855 (5th Cir. 1971), cert. denied, 405 U.S. 976, 92 S.Ct. 1202, 31 L.Ed.2d 251 (1972).

■ Finally, Bustamante contends that he was denied adequate representation by counsel in connection with a cer-

tain pretrial motion. However, this point was not presented to the district court, and is not properly before this court.

Affirmed.