Van AKINS et al., Petitioners-
Appellants,

v.

Harold J. CARDWELL, Warden, Arizona
State Prison, Respondent-Appellee.

No. 73–1449.

United States Court of Appeals,
Ninth Circuit.

June 21, 1974.

B. Michael Dann (argued), of Treon,
Warnicke & Dann, Phoenix, Ariz., for
petitioners-appellants.

William J. Schafer, III, Chief Counsel,
Crim. Div., Phoenix, Ariz. (argued),
Gary K. Nelson, Atty. Gen., for respon-
dent-appellee.

Before MERRILL and DUNIWAY,
Circuit Judges, and FERGUSON,* Dis-
trict Judge.

PER CURIAM:

In one respect—the rereading of the
court's instruction to the jury at the
jury's request and in the absence of the
defendants, the facts of this case are al-
most a carbon copy of those in Busta-
mante v. Eyman, 9 Cir., 1972, 456 F.2d
269 (*Bustamante I*). In *Bastamante*, aft-
er our remand, a hearing was held at
which testimony was received as to what
happened when a tape recording of the
court's instructions was played back to
the jury. On the basis of that evidence,
the trial judge concluded that the pre-
sumption of prejudice had been over-
come. We have now upheld that deci-
sion. Bustamante v. Cardwell, 9 Cir.,
1974, 497 F.2d 556 (1974). (*Busta-
mante II*) In the case at bar, such a
hearing was held before the trial court
denied the present petition for a writ of
habeas corpus. The State was unable to
produce any record, or any testimony, as
to what occurred. Thus, as in *Busta-
mante I*, there is nothing to overcome
the presumption that the error was prej-
udicial. *Bustamante II* is not in point.
Hence, the writ must issue unless the
State grants the appellants a new trial.

Petitioner Van Akins was 17 years old
at the time of the crime. He claims
that when the juvenile court relin-
quished its jurisdiction he did not re-
ceive the due process to which he was
entitled under Kent v. United States,
1966, 383 U.S. 541, 86 S.Ct. 1045, 16 L.
Ed.2d 84. In Harris v. Procunier, 9
Cir., 1974, in banc, 498 F.2d 576 (1974),
we have held that *Kent* is not retroac-
tive. Van Akins' claim is rejected on
the authority of *Harris*.

Appellants raised four other claims of
constitutional error in their petitions be-
fore the district court. Because it is
unlikely that any of the alleged errors
will occur at a new trial, we need not
reach these claims. However, we as-
sume that before the appellants' out-of-
court statements made to state law en-

---

* The Honorable Warren J. Ferguson, United States District Judge for the Central District of
California, sitting by designation.

forcement officers are introduced in a new trial, the appellants will be given the constitutionally required voluntariness hearing that the district court found to have been denied to them in their first trial.

The order appealed from is vacated and the case is remanded to the district court, with directions to hold the case for sixty days to enable the State of Arizona to grant appellants a new trial. If a new trial is not granted within that time, the writ shall issue.