UNITED STATES of America,
Plaintiff–Appellee,

v.

Rhonda BROWN, aka: Sofiya Omari,

and

Bill Baker, aka: Mtina Burti Omari,
Defendants–Appellants.

Nos. 87–5032, 87–5035.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 1987.

Decided Nov. 10, 1987.

Carolyn Turchin, Los Angeles, Cal., for plaintiff-appellee.

Steve Cochran and Brian Newman, Los Angeles, Cal., for defendants-appellants.

Before GOODWIN, NELSON and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

On August 21, 1986, appellants Rhonda Brown (a.k.a. Sofiya Omari) and Bill Baker (a.k.a. Mtina Burti Omari) were among a group of spectators at the contempt hearing of Henry Woods before United States District Judge James Ideman. When Judge Ideman announced he was placing Woods in custody for contempt, the spectators began clapping rhythmically and chanting their disapproval of the court's decision. When Judge Ideman ordered the courtroom cleared, some of the spectators, including Brown and Baker, refused to leave and resisted marshals' attempts to remove them. Judge Ideman ordered that all those who refused to leave be taken into custody, and Brown and Baker were arrested. Brown was subsequently convicted of criminal contempt, see 18 U.S.C. § 401(1), and resisting federal officers, see 18 U.S.C. § 111. Baker was convicted of resisting federal officers.

At trial the government was allowed, over defendants' objection, to play portions of Judge Ideman's court reporter's tape recording of the proceedings. The tape was marked but not admitted into evidence. On the portions of the tape played for the jury a female voice can be heard asking "Are you all right Mtina?" Shortly thereafter what appears to be the same voice can be heard yelling "Smash the grand jury."

During its deliberations the jury asked to hear these portions of the tape again. The trial judge's court clerk called counsel for the government, informed her of the jury's request, and asked her to have the federal marshal who acted as case agent during the trial retrieve the tape and replay it for the jury. The case agent had sat at the government's table during trial and had operated the tape recorder during the presentation of the government's case in chief. He otherwise played no role during the trial.

The case agent returned with the tape and replayed it for the jury in a courtroom that was empty except for the jury, the case agent, and the court clerk. A short time later, again at the jury's request, the case agent returned and replayed the same portions of the tape at least twice. As with the first replaying, the courtroom was empty except for the case agent, the jury, and the clerk. Neither defendants nor their counsel were notified of the jury's request.

Sometime prior to the sentencing hearing defendants' counsel became aware, for the first time, of the jury's request and the subsequent replaying of the tape. At the sentencing hearing on January 20, counsel for defendants noted for the record that the case agent had replayed the tape for the jury and that the tape had never been admitted into evidence. The court then admitted *nunc pro tunc* the portions of the tape that had been played during trial, and proceeded to sentence the defendants.

Following their sentencing, defendants moved for release on bail pending appeal. In support of their motions, defendants argued that their appeal presented as substantial legal questions whether replaying the tape in the absence of the defendants violated Federal Rule of Criminal Procedure 43 and, if so, whether the error was harmless. In opposition to the motion, the government filed a declaration of the case agent who had replayed the tape for the jury. The case agent declared that he replayed only the portions of the tape that had been played at trial, and that he did not interact in any way with the jury (except for his response to the jury's request to replay the relevant portions of the tape).

On appeal defendant Brown argues that (1) the replaying of the tape to the jury outside the presence of the defendants violated Federal Rule of Criminal Procedure 43 and the government has not carried its burden of proving this error to be harmless beyond a reasonable doubt; (2) it was prejudicial error to submit the tape to the jury when the tape was not admitted into evidence; and (3) the contempt statute, 18 U.S.C. § 401(1), is unconstitutionally vague. Defendant Baker joins in arguments (1) and (2), and also argues that the district court's instructions regarding the intent element of criminal contempt con-

fused the jury on the elements of the crime of resisting federal officers.[1]

We hold that the conviction must be reversed and the case remanded for a new trial because it was a violation of Rule 43 to replay the tape without notice to or the presence of the defendants or their counsel, and the error was not harmless beyond a reasonable doubt. We further hold that the federal contempt statute is not unconstitutionally vague. Finally, we find no error in the trial court's jury instructions.

### I. Replaying the Tape in the Absence of the Defendants

We held in *United States v. Kupau*, 781 F.2d 740 (9th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 93, 93 L.Ed.2d 45 (1986), that replaying a tape for the jury in the absence of the defendant violated Rule 43 because it was a "stage of the trial." *Id.* at 743. Thus, *Kupau* is clear authority that replaying the tape without notice to and in the absence of the defendants in the instant case was a Rule 43 violation. The government does not disagree. Rather it cites *Kupau* as authority that the Rule 43 violation in this case was harmless beyond a reasonable doubt. We disagree.

In *Kupau*, we evaluated the Rule 43 violation under the plain error standard because it was raised for the first time on appeal. *Id.* This standard permits reversal only if the failure to reverse would result in a miscarriage of justice or a violation of the integrity of the judicial system. In upholding a conviction after a clear Rule 43 violation, the *Kupau* court implicitly held that replaying a tape for the jury, after emphatic cautionary instructions, is not plain error "in the absence of any suggestion that extraneous matters came before the jury." *Id.*

■ Because defendants objected to the Rule 43 violation below, we review the error under a different standard. We must reverse unless the prosecution can show beyond a reasonable doubt that the error was harmless. *Bustamante v. Cardwell,*

497 F.2d 556, 558 (9th Cir.1974). We cannot say that replaying taped evidence for the jury in the absence of the defendant, defense counsel, and the judge was harmless beyond a reasonable doubt. Any number of prejudicial events might have taken place when the case agent replayed the tape for the jury. In the absence of the protection afforded by the presence of defendants, and their counsel, the only evidence suggesting harmlessness was the affidavit of the case agent himself, which fails to convince us beyond a reasonable doubt that no prejudicial contact occurred. Such contact could be very subtle, such as a nod at a significant portion of the tape. It might have been unintended, or even unnoticed by the case agent himself. Furthermore, we cannot say that the case agent is the sort of neutral observer in this controversy, whose uncorroborated affidavit should convince us beyond any reasonable doubt that the Rule 43 violation was harmless. Accordingly, the convictions must be reversed and the case remanded for a new trial.

### II. Replaying the Tape Before it was Admitted into Evidence

■ Appellants argue that it was error to replay the tape for the jury since the tape was not admitted into evidence until the district judge admitted it *nunc pro tunc* at the sentencing hearing. This argument is meritless. The case agent's declaration states that he replayed for the jury only the portions that had previously been played for the jury during trial. Thus those portions had effectively been admitted into evidence even if the tape was not admitted in its entirety.

### III. The Constitutionality of the Federal Contempt Statute

Appellant Brown argues that, under *Connally v. General Construction Company*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926), the federal contempt statute charged in the indictment violates the due

---

**1.** Baker was acquitted on the charge of criminal contempt, but convicted of resisting federal offi-    cers.

process clause of the Fifth Amendment because it is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. *See id.* at 391, 46 S.Ct. at 127. We disagree.

The federal contempt statute reads: "A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; ...." 18 U.S.C. § 401.

▆▆ Defendant Brown interrupted the federal court proceeding by chanting slogans such as "No collaboration, no communication" and "Smash the grand jury," by clapping, and by resisting United States Marshals' directives to leave the courtroom. We hold that a person of ordinary intelligence would know that such conduct in a courtroom is clearly prohibited by the statute. We need not consider other conceivable applications of the contempt statute because a defendant who engages in conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to others. *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1345–46 (9th Cir. 1984).[2]

*IV. Jury Instructions*

▆▆ Appellant Baker was acquitted of criminal contempt. Nevertheless he complains that the instruction on contempt confused the jury, leading to his conviction on the charge of resisting federal officers. We have difficulty tracking the reasoning of his argument, but in any case we believe that the instructions, when viewed as a whole with substantial latitude given the trial judge's formulation, *see United States v. Tille*, 729 F.2d 615, 623 (9th Cir.), *cert. denied*, 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984), fairly and adequately cover the issue of intent with respect to resisting federal officers. We therefore find no error in the jury instructions.

2. Appellant Brown does not raise and we do not consider the question whether the contempt statute implicates First Amendment rights. *See* Appellant Brown's Opening Brief at 14–17. *Cf. Kolender v. Lawson,* 461 U.S. 352, 358, 103 S.Ct.

CONCLUSION

Because of the Rule 43 violation, the convictions are REVERSED and the case REMANDED for further proceedings.

1855, 1858, 75 L.Ed.2d 903 (1983) (applying facial vagueness analysis to California identification statute that implicated first amendment freedoms and the right to free movement).