990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Edward HEGLER, Petitioner-Appellant,
v.
Robert BORG, Warden, Respondent-Appellee,
Attorney General of the State of California, Respondent-Appellee.
 No. 92-55497.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The government argues that although Hegler and his lawyer were not actually in the jury room during the rereading of testimony, Hegler was not denied his right to be present because he and his lawyer were in a nearby court room.[1] We reject the argument. A criminal defendant has the right to be "personally present in the courtroom at every stage of his trial...." Bustamante v. Eyman, 456 F.2d 269, 271 (9th Cir.1972). The replaying of taped testimony or rereading of transcripts "is more properly viewed as a stage of the trial at which the presence of the defendant is required." United States v. Kupau, 781 F.2d 740, 743 (9th Cir.1986).
 
 
 3
 Hegler "had a right to be present when the tape was being played and this was a right which could not be waived by counsel." Id. see also Bustamante, 456 F.2d at 274. The court did not inform Hegler that he had a right to be present at the reread, nor did the court ask him if he waived this right. The fact that defense counsel stipulated to the reread procedure did not waive Hegler's right to be present without a showing that Hegler himself made a knowing and voluntary waiver.
 
 
 4
 Nonetheless, the district court held that the trial court's error was harmless. The government carries the burden of proving harmless error beyond a reasonable doubt. Bustamante v. Cardwell, 497 F.2d 556, 558 (9th Cir.1974); United States v. Brown, 832 F.2d 128, 130 (9th Cir.1987); Aikins v. Cardwell, 500 F.2d 47, 47 (9th Cir.1974). "We cannot say that replaying taped evidence for the jury in the absence of the defendant, defense counsel, and the judge was harmless beyond a reasonable doubt." Brown, 832 F.2d at 130. In Brown, we explained that prejudicial contact between the case agent playing the tape and the jury "could be very subtle, such as a nod at a significant portion of the tape." Id. Although the Bailiff is a neutral party, "[i]n the absence of the protection afforded by the presence of defendants, and their counsel," we cannot say that no prejudicial contact occurred. Id.
 
 
 5
 The court reporter reread testimony from a transcript. The rereading of testimony entails greater risk of prejudice than merely replaying a tape. The court reporter may have improperly influenced the jury through voice inflection and emphasis. Such subtle influences "might have been unintended, or even unnoticed by the" court reporter herself. Id. Nor would such influences appear in a written transcript of the testimony.
 
 
 6
 United States v. Kupau, 781 F.2d at 743, is not to the contrary. In Kupau, we found that the trial court's "emphatic" cautionary instructions rendered the court's error harmless. Id.[2] The judge cautioned the jury not to ask the agent who replayed taped testimony any questions and stated that the agent was not to comment on any evidence. The record does not reveal that the trial court gave similar instructions. Nor did the court in Kupau permit the court reporter to reread testimony from a transcript to the jury. The government has not shown that this error, which entails much greater risk of prejudice than replaying a tape, was harmless.
 
 
 7
 In Bustamante v. Cardwell, 497 F.2d at 558, we held that it was harmless error for the trial court to replay taped instructions for the jury in the absence of the defendant. However, the defendant's attorney was present in the room where the instructions were replayed. The district court held an evidentiary hearing to determine whether the defendant had been prejudiced by his absence. The state produced strong evidence--including testimony from the defendant's former attorney--that the court's error had been harmless. Id. Hegler's attorney was not present to hear the testimony replayed or reread to the jury. Nor has the state produced other evidence that the error was harmless.
 
 
 8
 Thus there is nothing in the record to overcome the presumption that the error was prejudicial. See Aikins, 500 F.2d at 47. We reverse and remand for further proceedings to determine if the error was harmless. The state must carry its burden or the writ must issue.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The parties disagree about whether Hegler and his counsel were even present in a nearby courtroom when the testimony was replayed. Because Hegler had a right to be present in the same room as the jury when it heard the evidence again, we need not resolve this dispute
 
 
 [2]
 Although we stated in Kupau that the defendant's failure to object required the court to review his claim for plain error, we recognized that the defendant's right to be present could not be waived by counsel. Kupau, 781 F.2d at 743. We rejected the defendant's claim based on a harmless error analysis. Id. ("we similarly hold that the error was harmless beyond a reasonable doubt"). We held in Bustamante that unless the defendant personally waives his right to be present, the government carries the burden of proving that the error was harmless beyond a reasonable doubt. Bustamante, 456 F.2d at 274; Bustamante, 497 F.2d at 558