**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10065 |
| Plaintiff-Appellee, | D.C. No. 1:11-cr-00319-LJO-1 |
| v. | |
| JOSEPH AVILA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Argued and Submitted November 17, 2017
San Francisco, California

Before: LEAVY, W. FLETCHER, and PAEZ, Circuit Judges.

Joseph Avila appeals from the district court's judgment revoking his supervised release and the 24-month sentence imposed upon revocation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The superseding revocation petition alleged that Avila violated the provision of his supervised release prohibiting him from committing another federal, state or local crime. Charge One alleged that Avila discharged a firearm in the direction of Yolanda Fuentes. Charge Four alleged that Avila possessed ammunition. The district court determined that these two allegations were supported by a preponderance of the evidence.

1. Avila contends that Charge One was not supported by sufficient evidence because the key piece of evidence identifying Avila as Fuentes' assailant – footage from police officer Manuel Jaramillo's body camera – was never formally received into evidence. This argument fails because our case law holds that evidence is deemed admitted where, as here, the district court ruled it was admissible, it was presented to the trier of fact, and the parties treated it as having been received into evidence. *See, e.g.*, *United States v. Brown*, 832 F.2d 128, 130 (9th Cir. 1987); *United States v. Stapleton*, 494 F.2d 1269, 1270-71 (9th Cir. 1974).

2. Avila contends that his due process right of confrontation was violated because the district court permitted the government to play Officer Jaramillo's body camera footage, during which Fuentes identified Avila as her assailant, without requiring the government to produce Fuentes as a witness. We review de novo, *see United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008), and we agree.

Under *Morrissey v. Brewer*, 408 U.S. 471(1972), "every releasee is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witnesses." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). When deciding whether a violation has occurred, we consider "the importance of the hearsay evidence to the court's ultimate finding," *id.* at 1171; the "'traditional indicia of reliability' borne by the evidence;" *United States v. Martin*, 984 F.2d 308, 312 (9th Cir. 1993) (quoting *United States v. Simmons*, 812 F.2d 561, 564 (9th Cir. 1987)); and the "difficulty and expense of procuring witnesses," *id.* (internal quotation marks omitted)..

As to the first consideration, the evidence at issue here was important to the district court's finding on Charge One because Fuentes' identification of Avila as her assailant was the key piece of evidence on this charge.

As to the second consideration, Fuentes' identification of Avila bore few indicia of reliability. Whether the identification qualifies as an "excited utterance" under Federal Rule of Evidence 803(2) presents a close question. Fuentes identified Avila ten to fifteen minutes after the shooting, not contemporaneously with it. Before identifying Avila as the shooter, Fuentes paused for three or four seconds, allowing time for deliberation and fabrication. Fuentes previously had

been convicted of making a false representation to a police officer. Moreover, Fuentes was not honest with Officer Jaramillo because she lied to him about her relationship with Avila. Given these concerns, as well as the weak evidence corroborating Avila as the shooter, the evidence at issue bore few traditional indicia of reliability.

As to the final consideration, the government has not established good cause for failing to produce Fuentes as a witness. Although the government presented evidence of unsuccessful efforts to secure Fuentes as a witness in a prior separate proceeding, the government made no efforts to procure Fuentes' cooperation as a witness in this case. Nothing in the record suggests that Fuentes' reluctance to cooperate in a prior proceeding would have carried over to this proceeding. Furthermore, although police records contained two phone numbers and addresses for Fuentes, the government attempted to contact Fuentes at only one of these numbers and addresses in connection with the prior proceedings.

In sum, weighing Avila's due process confrontation right against the government's good cause for denying it, we conclude Avila has demonstrated a constitutional violation. With respect to Charge One, the error was not "harmless beyond a reasonable doubt." *Comito*, 177 F.3d at 1170. Fuentes' identification of Avila as her assailant was the key piece of evidence on this charge and was critical

to the district court's finding. As to Charge Four, by contrast, the error was harmless. The finding on Charge Four was based on the ammunition found in Avila's automobile, not Fuentes' recorded statements to Jaramillo.

3. Avila also challenges the district court's imposition of a special condition of supervised release prohibiting him from possessing or using "a computer or any device that has access to any 'on-line computer service' unless approved by the probation officer."

The district court plainly erred by imposing this condition. *See United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008). First, this condition indisputably "implicates a significant liberty interest." *United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010); *see also Packingham v. North Carolina*, 137 S. Ct. 1730, 1735-36 (2017). Second, nothing in the record suggests this condition is "reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and 'involve[s] no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release.'" *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003) (quoting *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003)). Neither Avila's underlying conviction nor his supervised release violations involved use of the internet. *Cf. United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005) (upholding supervised release

5

condition restricting internet access where the internet had been essential to the commission of the crime); *Rearden*, 349 F.3d at 621 (same). Accordingly, the condition is invalid. *See United States v. LaCoste*, 821 F.3d 1187, 1192 (9th Cir. 2016).

We vacate the judgment as to Count One. We affirm the judgment as to Count Four. We vacate the special condition of supervised release relating to computer use.

**AFFIRMED in part; VACATED in part; REMANDED.**